MAXWELL'S EXECUTORS *v.* WILKINSON & Others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted January 28, 1885.—Decided March 2, 1885.

A memorandum in writing of a transaction twenty months before its date, and which the person who made the memorandum testifies that he has no recollection of, but knows it took place because he had so stated in the memorandum, and because his habit was never to sign a statement unless it was true, cannot be read in aid of his testimony.

This is a writ of error by the executors of a former collector of the port of New York to reverse a judgment in an action brought against him by the defendants in error on January 11, 1855, to recover back the amount of duties paid by them on imported iron on October 23, 1852.

Upon a trial of that action on December 16, 1856, a verdict was taken for the plaintiffs by consent, subject to the opinion of the court upon a case to be made. On March 30, 1883, the plaintiffs moved to set aside that verdict, and the motion was afterwards granted, on their stipulating to waive interest from the date of the verdict to the date of the motion.

Upon a second trial, the main question was whether the duties had been paid under protest. The plaintiffs introduced evidence tending to show that the entry of the goods, to which any protest would have been attached, could not be found at the custom house, and called William S. Doughty, a clerk of their consignees, who produced a copy of a protest, purporting to be dated October 13, 1852, and to be signed by the consignees, and having upon it these two memoranda: First, in pencil, "Handed in on the 23d day of October, 1852." Second,

in ink, " The above protest was handed to the collector the 23d day of October, 1852. New York, June 16th, 1854. Wm. S. Doughty."

Doughty, on direct examination, testified that he handed the original, of which this was a copy, to the collector on October 23, 1852. Being then cross-examined by leave of the court, he testified that the memorandum in ink was written by him on June 16, 1854; that he had previously made the memorandum in pencil so as to be able to make a statement in ink at some future time; that he did not know when he made the pencil memorandum; that he could not tell, otherwise than as his memory was refreshed by the memorandum, that he ever filed a protest with the collector; that he had no recollection now that he filed such a protest; but that he must have done it because it was his duty to do it; and that he was willing to swear positively that he did so, because he had signed a statement to that effect, and his habit was never to sign a statement unless it was true. The witness then, by permission of the court, voluntarily stated as follows: " The fact that the statement was made two years after was when there was sufficient data for me unquestionably to make that statement at the time two years afterwards. Probably there were memoranda which were destroyed long ago."

The defendant's counsel thereupon objected to the admission in evidence of the alleged copy of the protest, " upon the ground that the witness testifies that he has no recollection of the fact of the service of the original upon the collector at or prior to the time of the payment in question, and that the memorandum referred to by the witness, as the basis of his willingness to swear to the fact without any recollection, was not made for nearly two years after the transaction to which it relates, and that the data upon which the witness made the memorandum to which he refers are not produced or shown."

The court overruled the objection, and admitted the copy of the protest in evidence, and, a verdict being returned for the plaintiffs, allowed a bill of exceptions to its admission.

*Mr. Solicitor-General* for plaintiffs in error.

*Mr. A. W. Griswold* for defendants in error.

MR. JUSTICE GRAY delivered the opinion of the court. He recited the facts in the foregoing language, and continued :

The witness, according to his own testimony, had no recollection, either independently of the memoranda, or assisted by them, that he had filed a protest with the collector; did not know when he made the memorandum in pencil; made the memorandum in ink twenty months after the transaction, from the memorandum in pencil, and probably other memoranda, since destroyed and not produced, nor their contents proved; and his testimony that he did file the protest was based exclusively upon his having signed a statement to that effect twenty months afterwards, and upon his habit never to sign a statement unless it was true.

Memoranda are not competent evidence by reason of having been made in the regular course of business, unless contemporaneous with the transaction to which they relate. *Nicholls* v. *Webb*, 8 Wheat. 326, 337; *Insurance Co.* v. *Weide*, 9 Wall. 677, and 14 Wall. 375; *Chaffee* v. *United States*, 18 Wall. 516.

It is well settled that memoranda are inadmissible to refresh the memory of a witness, unless reduced to writing at or shortly after the time of the transaction, and while it must have been fresh in his memory. The memorandum must have been "presently committed to writing," Lord Holt in *Sandwell* v. *Sandwell*, Comb. 445; *S. C.* Holt, 295; "while the occurrences mentioned in it were recent, and fresh in his recollection," Lord Ellenborough in *Burrough* v. *Martin*, 2 Camp. 112; "written contemporaneously with the transaction," Chief Justice Tindal in *Steinkeller* v. *Newton*, 9 Car. & P. 313; or "contemporaneously or nearly so with the facts deposed to," Chief Justice Wilde (afterwards Lord Chancellor Truro) in *Whitfield* v. *Aland*, 2 Car. & K. 1015. See also *Burton* v. *Plummer*, 2 Ad. & El. 341; *S. C.* 4 Nev. & Man. 315; *Wood* v. *Cooper*, 1 Car. & K. 645; *Morrison* v. *Chapin*, 97 Mass. 72, 77; *Spring Garden Ins. Co.* v. *Evans*, 15 Maryland, 54.

The reasons for limiting the time within which the memorandum must have been made are, to say the least, quite as

strong when the witness, after reading it, has no recollection of the facts stated in it, but testifies to the truth of those facts only because of his confidence that he must have known them to be true when he signed the memorandum. *Halsey* v. *Sinsebaugh,* 15 N. Y. 485; *Marcly* v. *Shults,* 29 N. Y. 346, 355; *State* v. *Rawls,* 2 Nott & McCord, 331; *O'Neall* v. *Walton,* 1 Rich. 234.

In any view of the case, therefore, the copy of the protest was erroneously admitted, because the memorandum in ink, which was the only one on which the witness relied, was made long after the transaction which it purported to state; and its admission requires that the

> *Judgment be reversed, and a new trial ordered.*