# Wellman *v.* Jones.

### *Action on Contract.*

1. *Statute of frauds; when not applicable to contract.*—Where one enters into a contract with another for benefits to be secured to a third party, the undertaking is original between the parties to it, and is not obnoxious to the statute of frauds relating to "promises to answer for the default or miscarriage of another."

2. *Contract; rule for construing.*—It is essential in the construction of contracts to ascertain the intention of the parties; and if the contract on its face does not fairly and reasonably disclose the intention, it should be construed in the light of

[Wellman v. Jones.]

the circumstances attending its making or execution. While courts cannot make contracts for parties, still it is the duty of the court in construing a contract, to so construe it, when it can be reasonably done, as to render it capable or possible of performance in all its conditions.

3. *Same; words in construed.*—Where a contract is entered into to the effect that one of the contracting parties agrees to place his brother in a certain institute to be cured of the use and habit of morphine and chloral, and the other contracting party, who is a member of the institute, promises that for a consideration, which is agreed on and paid, the brother shall be "fully and permanently" cured of said use and habit or the consideration will be returned on demand, the words "fully and permanently cured" will be construed in a suit on the contract to mean in the light of attendant conditions and circumstances, that the patient shall be restored to that normal condition of bo..y and mind, with the same will power to resist the desire to indulge in the use of morphine and chloral, that he possessed and enjoyed before the habit was acquired, and not that he should be put in that condition that he would never again take the drug.

4. *Amendment; error without injury.*—Where a plaintiff to a suit is permitted to amend his complaint against the objection of the defendant, so as to show that the agreement sued on was in writing and was lost or destroyed so as to bring the suit within the influence of the statute providing for suits upon certain lost instrument therein described, Code, § 2597; and it appears that the contract sued on does not come within the class of instruments named in the statute, the amendment is mere surplusage and does not change the burden of proof as to the contract declared on; and its allowance was error without injury.

5. *Memorandum; when not to be used by witness.*—A witness will not be permitted to use a paper writing to refresh his memory of the contents of a lost instrument when the same has not been sufficiently identified as a memorandum made by the witness or by another at his dictation, although the witness may state that the words in the writing were words dictated by him to be taken down; and such writing will not be permitted to go to the jury as a memorandum of the contents of the lost instrument.

6. *Contract in writing; construed by the court.*—Where the contract declared on is in writing, it is the duty of the court to construe it and not the jury; and charges obnoxious to this principle are properly refused.

7. *Contract; plaintiff must recover on the one sued on.*—The plain-

[Wellman v. Jones.]

tiff in a suit on a contract must recover upon the contract declared on, and cannot recover on some other contract that may be disclosed by the evidence different from the one on which the suit is based. Therefore a charge is properly refused to the plaintiff which demands a recovery on proof of a contract between the parties and compliance therewith on the part of the plaintiff.

8. *Court cannot assume as proved a fact disputed in the evidence.* It is error in charging the jury for the court to assume as established or proven any fact that is in dispute in the evidence.

9. *Corporations; not included in law requiring medical examination.*—It is impossible to conceive of a corporation engaging in the practice of medicine or of conforming to the requirements necessary to obtain a certificate from the board of medical examiners. These provisions of the law cannot be applied to a body corporate and were never so intended. They can only apply to persons or individuals capable of complying with the requirements necessary to obtain the certificate. Hence, in a suit on a contract where the issue was whether or not an incorporated institute had cured a person of disease, a plea setting up that neither the institute nor its managing officer had a certificate or license to practice medicine or sell drugs, should have been stricken from the file on motion, or a demurrer to it should have been sustained.

10. *Immaterial issues effect of joinder in.*—Where an immaterial issue is presented by plea and the plaintiff, instead of suffering a non-suit and reviewing the action of the court on appeal, after his demurrer to the plea was overruled, takes issue on it and proceeds with the trial, his election presents the case of a voluntary joinder on an immaterial issue; and if the plea is sustained by the evidence the defendant is entitled to a verdict.

11. *Error to submit law question to jury.*—Whether an incorporated institute is required to obtain a license from the medical board of examiners, is a question of law for the determination of the court, and it is error to refer it to the jury.

12. *Mutual mistake does not destroy right of action on contract.* Where both parties to a contract fall into a mistake under the honest belief that the contract has been performed, the right of action thereon is not destroyed.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

Action by Henry L. Jones against W. J. Wellman and others to receive a sum of money for and on account of

the violation of a contract entered into by the defendants with the plaintiff, which contract is set out in the opinion, as well as the other facts necessary to be stated.

The following are the charges which should have been refused to the plaintiff for the reasons stated in the opinion:

1. "In contracts of agreement where there is a conflict in the evidence as to the terms of the contract or agreement, it is the duty of the jury to determine the intention of the parties from the evidence in the cause."

2. "If there is a conflict in the evidence as to the terms of the contract made between the plaintiffs and the defendants then it is the duty of the jury to determine the intention of the parties, and in arriving at the intention of the parties the jury have the right from the evidence to look to the circumstances under which the contract was made, the subject matter and the object the parties intended to accomplish."

3. "If the jury believe from the evidence that the plaintiff has complied with his part of the terms of the contract made and entered into between him and the defendants, and the defendant or defendants have failed to comply with their part of the terms of said contract, then your verdict should be for the plaintiff."

5. "If the jury believe from the evidence that there was a contract between the plaintiff and the defendants and that plaintiff has fully complied with his part of said contract and that the defendants have failed and refused to comply with their part of the contract, then your verdict must be for the plaintiff."

4. "If the jury believe from the evidence that Dr. John A. R. Jones was not permanently cured by the treatment of the Hagey Institute of the use of morphine and chloral, and that the plaintiff has complied with all of the terms of the contract, that he placed his brother in the Hagey Institute, that he paid the amount agreed upon, and that on demand the same has not been repaid to him, then your verdict must be for the plaintiff vs. the defendant, Wellman."

9. "If the jury believe from the evidence that Dr. J. A. R. Jones was not cured by the treatment of the Hagey Institute of the habit of the use of morphine and chloral,

[Wellman v. Jones.]

and that before the commencement of this suit the plaintiff demanded of the defendant, W. I. Wellman the return of the one hundred dollars that he had paid under the agreement or contract and he refused to return the same, that your verdict must be for the plaintiff."

7. "It is for the jury to say from the evidence whether the Hagey Institute engaged in such practice or treatment as to require a certificate from the medical board of examiners, and if the jury believe from the evidence that such treatment did not require such certificate, then the plaintiff would not be required to prove or show that such certificate issued."

8. "If the jury believe from all the evidence that the Hagey Institute treatment of patients was such as did not require a certificate from the board of medical examiners, then there would be no necessity for the plaintiff to make proof of the issuance of such a certificate."

SHELBY & PLEASANTS, for appellant.—The contract sued on is the promise to inswer the debt or defualt of another.—*Webb v. Hawkins Lumber Co.*, 101 Ala. 638; *Foster v. Napier*, 74 Ala. 394; Brown on Stat. Frauds, § 158. (2). The contract was in violation of the statute providing for medical examinations and therefore void. *Harrison v. Jones*, 80 Ala. 412; *White v. Eq. N. B. Union*, 76 Ala. 552. (3). Error to permit witness to use the memorandum, and to suffer it to go to the jury. *Maxwell v. Wilkinson*, 113 U. S. 656; *Jaques v. Horton*, 76 Ala. 269; *Acklin v. Hickman*, 68 Ala. 494; *Calloway v. Varner*, 77 Ala. 541. (4). If the contract is literally construed it is void because impossible of performance. *Barton v. Spinning*, 36 Pac. Rep. 439; *Singleton v. Carrol*, 22 Am. Dec. 95. If reasonably construed it was performed. No opportunity was given for further treatment. This excused further performance of contract. *Peck v. U. S.*, 102 U. S. 64.

WM. RSCHARDSON, *contra*.—Amendment of complaint properly allowed.—*Steed v. McIntyre*, 68 Ala. 407; *Backus v. Hickle*, 45 Ala. 445; *Foster v. Napier*, 73 Ala. 595. (2). Memorandum properly admitted.—*Acklin v.*

*Hickman,* 63 Ala. 494; *Battles v. Tallman,* 96 Ala. 403; *Mims v. Sturdevant,* 36 Ala. 636. (3). Contract not within statute of frauds.—*Heflin v. Melton,* 69 Ala. 354; *Rakes v. Pope,* 7 Ala. 161. (4). The legal effect of contract to pay back the $100.00 within reasonable time if brother not cured.—*Jordan v. Roney,* 23 Ala. 758. (5). Every contract is entitled to reasonable construction which will render it operative.—*Robinson v. Bullock,* 58 Ala. 618; *Alexander v. Sanders,* 93 Ala. 345; *Swann ner v. Swanner,* 50 Ala. 66.

DOWDELL, J.—The contract here sued on is set out in the complaint as follows: "January 13, 1893. Huntsville, Ala. We the undersigned jointly and individually covenant and agree with Henry L. Jones that if he will place his brother, John A. R. Jones, in the Hagey Institute in the city of Huntsville, Ala. to be treated as a patient addicted to the excessive use of morphine and chloral, and the said Henry L. Jones will pay in cash the sum of one hundred dollars to the proper officer of the Hagey Institute, that we will return on demand to the said Henry L. Jones the said sum of one hundred dollars, provided the said John A. R. Jones is not fully and permanently cured by the treatment of said Hagey Institute of the use and habit of morphine and chloral."

This contract in terms is plainly an original undertaking between the plaintiff and defendant, and consequently not open to the defense of the statute of frauds relating to "promises to answer for the debt, default or miscarriage of another."

As shown by the evidence, the plaintiff's brother, John A. R. Jones was addicted to the habitual and excessive use of morphine and chloral, and it was of this excessive use and habit, by the terms of the contract, he was to be cured. He entered the institute and received treatment for that purpose, and after receiving treatment he left said institute, claiming that a cure had been effected, but within a short while thereafter returned to his former habit and excessive use of these drugs.

One difficulty in the case seems to grow out of the construction to be given to the words "fully and per-

manently cured," as employed in said contract. It is essential in the construction of contracts, to ascertain the intention of the parties; and if the contract on its face does not fairly and reasonably disclose the intention, it should be construed in the light of the circumstances attending its making or execution. While courts cannot make contracts for parties, still it is the duty of the court, in constructing a contract, to so construe it when it can be reasonably done, as to render it capable or possible of performance in all of its conditions. This upon the maxim of *ut res magis valeat quam pereat* . . . We think the fair and reasonable interpretation to be given to the words "fully and permanently cured," as employed in the written contract declared on, when construed in the light of attendant conditions and circumstances, is that the patient shall be restored to that normal condition of body and mind, with the same will power to resist the desire to indulge in the use of morphine and chloral that he possessed and enjoyed before the habit was acquired. It would be an unreasonable construction of the contract to say that it was the intention of the parties, that the patient should be put in that condition that he could never again take the drug, a contract impossible of performance, if by cure the patient is to be restored to the normal condition of body and mind and will power possessed before habit acquired.

The plaintiff against the objection of the defendant was permitted to amend his complaint by averring "that said covenant agreement in writing was and is lost, mislaid or destroyed at the time of the filing of this complaint and bringing this suit." The purpose of amendment, as indicated in the, argument of counsel was to bring the suit within the influence of section 2597 of the Code of 1886, wherein provision is made for suits upon certain lost instruments therein mentioned. Upon examination of this statute, it will be seen that the contract here sued on does not come within the class of instruments specified in the statute. Not being one of the instruments named in the statute, the amendment amounted to mere surplusage, and did not change, under

the pleadings the burden of proof as to the contents of the contract declared on. It was as to the defendant harmless, and therefore error without injury.

The court also against the objection and exception of the defendant, after proof of loss of the original contract, permitted plaintiff's witness, Matthews, to refer to that portion of the complaint setting out the contract, as a memorandum to refresh the witness' memory, and also permitted the same to be read in evidence as a memorandum of the contract. The complaint was drawn by plaintiff's attorney, and this was some time after the loss of the original contract. The witness testified that some time before the suit was brought, he was at the office of the plaintiff's attorney, and there dictated his recollection of the contents of the lost contract and the attorney wrote the same down. He did not identify the paper handed witness, which was the complaint, as being the one written at his dictation by the attorney. This witness, speaking with reference to the alleged memorandum, said: "I mean to say that these are the words that I gave Judge Richardson to put down. It is not my testimony that this is the paper [referring to the complaint which he then held in his hand] that was before me at that time. I do not know whether it is the same paper or not. I only testify to portions of the contract according to my recollection." The original contract is shown to have been placed in the hands of this witness under date of its execution, January 13, 1893, but it is not shown how long since he had seen it when he dictated his recollection of its contents written down by plaintiff's attorney. The complaint was filed Jan. 4th, 1894, a year after the execution of the contract. Presumably months had elapsed at the time of the dictation since the witness had seen the contract. Under this state of the evidence, the paper not having been sufficiently identified as a memorandum made by the witness, or by another at his dictation, could not be used for the purpose of refreshing witness' memory as to the contents of the lost contract, and certainly was not admissible in evidence as a memorandum of the contents of the lost contract.—*Maxwell v. Wilkinson*, 113 U. S. 656; *Galloway v. Varner*, 77 Ala.

541; *Jacques v. Horton,* 76 Ala. 238; *Acklen's Extr. v. Hickman,* 63 Ala. 494; 15 Am. & Eng. Ency. Law, 263.

Where the contract declared on is in writing, as is the case here, it is the duty of the court to construe it, and not the jury. Charges 1 and 2 given at the request of the plaintiff, besides being misleading, are obnoxious to this principle and should have been refused.

The plaintiff, if he recovers at all, must recover upon the contract declared on, and cannot recover on some other contract that may be disclosed by the evidence different from the one upon which the suit is based. Written charge 5 given at the request of the plaintiff, is faulty in that it does not limit the plaintiff's right of recovery to the contract sued on, but leaves it open to recover on any contract that may be disclosed by the evidence. The common counts had been eliminated by the charge of the court, which left only the count declaring on a special contract. Under the pleadings, the contract declared on was in issue, and there was a material conflict in the evidence as to what was the contract between the parties. The testimony of the defendant Wellman, shows a different contract from the one sued on. He states that the contract into which he entered with the plaintiff did not contain the word "covenant," nor the words "fully and permanently cured," but that the contract was an agreement that the treatment would cure plaintiff's brother of the *"morphine habit,"* whereas the contract sued on provided not only for the cure of the morphine habit, but also the habit and excessive use of chloral.

It is error in charging the jury for the court to asume as established or proven, any fact that is in dispute in the evidence. Charges 3, 4 and 9 are vicious in assuming as proven the contract declared on, and should have been refused.

It is a conceded fact that the Hagey Institute is a domestic corporation, chartered under the law of the State, one of the purposes, among others, of this corporation being to provide and furnish a treatment for persons addicted to the use of morphine and chloral. Among other defenses set up by the defendant, was that

of the invalidity of the contract for the reason that neither the Hagey Institute nor Dr. Anderson, its managing officer, had a certificate or license from the medical board of examiners to practice medicine or sell drugs. The plaintiff moved to strike the plea setting up this defense from the file, which motion being overruled, demurrer was then interposed and was likewise overruled by the court. In this ruling we think the court was in error. It is impossible to conceive of a corporation engaging in the practice of medicine, or of conforming to the requirements necessary to obtain a certificate from the board of medical examiners. These provisions of the law cannot be applied to a body corporate, and were never so intended. They can only be made to apply to persons or individuals capable of complying with the requirements necessary to obtain the certificate. Furthermore, the Hagey Institute was not a party to the contract which, as we have said, was an original undertaking between the plaintiff and the defendant. There is nothing in the contract violative of any provision of the statute against the practice of medicine without a certificate from the board of examiners. The contract by the defendant was to pay back to the plaintiff on demand the amount so paid by him to a proper officer of the institute in the event a cure of his brother was not effected under the treatment to be given by the Hagey Institute. It would be a strange doctrine to hold that because the Hagey Institute had employed an agent to administer the treatment who did not hold a certificate to practice medicine, that therefore the defendant would be relieved from the performance of his contract to refund the money paid by the plaintiff; or, in other words, to permit a party to escape the performance of a valid contract entered into by him, because a stranger to the contract had in some way violated the law. We think the issue presented by this plea was wholly immaterial, and the plea should have been stricken on the plaintiff's motion. The plaintiff, however, instead of suffering a non-suit and reviewing the action of the court on appeal, elected to take issue on the plea and proceed with the trial. This election by the plaintiff presents the case here to be considered as though he had voluntarily

joined in an immaterial issue, thereby making it a material one.—*Marbury Lumber Co. v. Westbrook,* '25 So. Rep. 914; s. c. 121 Ala. 179; *Winter v. Poole,* 100 Ala. 503; *Taylor v. Smith, et al.,* 104 Ala. 537; The evidence without conflict sustained this plea, and on this issue the defendant was entitled to the affirmative charge as requested.

The question as to whether the Hagey Institute was required under the law to obtain a certificate from the medical board of examiners, under the undisputed evidence in the case being a question of law for the determination of the court, it was error to refer this questtion to the jury, and for that reason charges 7 and 8 requested by the plaintiff should not have been given.

It is a well settled principle that he who prevents the performance of a contract cannot avail himself of its non-performance. But this doctrine has no application where both parties fall into a mistake under the honest belief that the contract has been performed, when in fact it has not. Although at the time the plaintiff's brother left the Hagey Institute, its managing officer as well as the plaintiff and his brother were under the mistaken belief that the patient had been cured, yet if as a matter of fact a cure had not been effected in accordance with the conditions of the contract, the plaintiff would not be deprived of his right of action growing out of the failure to cure.

For the errors pointed out the judgment of the court below must be reversed and the cause remended.

Reversed and remanded.