ALABAMA & VICKSBURG RAILWAY CO. *v.* SAMUEL S. COLEMAN.

1. WITNESSES. *Personal knowledge. Refreshing memory. Memoranda. Evidence.*

   In order to render proper the examination and use of a memorandum by a witness, to refresh his memory, and to testify therefrom, it must appear—
   (a) That the witness once had knowledge of the event;
   (b) That it was made by the witness or by his direction; and,
   (c) That the memorandum was made at the time of the occurrence of the event to which it relates.

2. JUDGMENTS. *Excessive. Absence of proof.*

   A judgment for the full sum demanded in a declaration on an itemized statement of losses, occuring at various times by the negligence of a carrier in transporting different shipments of ·live stock, is excessive if there be an absence of evidence to sustain some of the items.

FROM the circuit court of Lauderdale county.
HON. GREEN B. HUDDLESTON, Judge.

Coleman, the appellee, was the plaintiff, and the railway company, the appellant, was the defendant in the court below. The plaintiff, Coleman, sued the railroad company for $600, damages for losses averred to have been suffered by him at various times on divers shipments of cattle, and which losses were charged to have resulted from the negligence of the carrier's servants. There was filed with the declaration a written statement, showing the date of each shipment, the amount of the loss thereon, and the number and initial letters on each car in which the cattle were transported. The state of the evidence touching the sum of the recovery is sufficiently stated in the opinion of the court.

The testimony of the plaintiff, as a witness in his own behalf, was based upon an examination of certain papers handed him for the purpose of refreshing his memory. He testified that these papers, from which he was allowed to testify, were not original writings made contemporaneously with the transac tions referred to by him, but were copies of memoranda made by another. Murray, a witness for plaintiff, by reference to his books, testified that many of the stock mentioned in plaintiff's itemized account were put off at his stock yards, and he gave evidence as to the value of those killed and injured. He testified further that he knew nothing about other items of the account of his own knowledge or from his books.

From a judgment in the plaintiff's favor for the full sum demanded in the declaration, the railway company appealed to the supreme court.

*Woods, Fewell & Fewell,* for appellant.

Coleman's evidence should have been excluded from the consideration of the jury, because, in all its essential parts, it was based upon an examination of certain papers handed him to refresh his memory. But he swore himself that these papers, from which he was allowed to testify, were not original writings made contemporaneously with the transactions referred

to in them by the witness, but were copies of copies of copies of memoranda made by another. It seems farcical to talk about refreshing a witness' recollection about an event by referring to papers which were remote copies of a paper made by a stranger, the witness knowing nothing, of his own knowledge, of the event.

There is this, further, which clearly entitles the appellant to a reversal in this court, and a new trial: A verdict was rendered for every dollar demanded by Coleman, this verdict resting, of course, upon the idea that every one of the cattle named in Coleman's account or itemized statement filed with his declaration was killed or injured, as set up by that itemized statement. And this in the face of the evidence of Murray himself that the following cars, named in Coleman's account as transporting his cattle, and in which cattle were killed and injured, were never received by him, and that no such cars appear on his memo-. randum books, viz.: Car No. 25080, V., S. & P.; car 10536, N. E.; car 25067, V., S. & P.; car 5029, V., S. & P.; car 3540, M. & O.; and car 8030, A. G. S. It must be borne in mind that Murray's testimony is the only evidence on this point, for Coleman more than once swore he knew nothing, of his own personal knowledge of any of the shipments, except one from Brandon.

*Mc Willie & Thompson*, on same side.

That the judgment is excessive is manifest. Coleman's testimony is the statement of a witness who knew of his own knowledge (aside from the Brandon shipment) nothing of the facts about which he was permitted to testify. Every rule on the subject of a witness refreshing his memory by referring to, memoranda and testifying therefrom was violated.

(1) The memoranda were not made at the time of the occurrence of the events which it is claimed they record.

(2) The memoranda were not made by Coleman, the witness, nor were they made under his direction.

(3) Coleman, the witness, never at any time had personal knowledge of the matters of fact to which the memoranda related; he had no memory of the facts to be refreshed. He could not have recollected that which he never knew. To allow a witness who has no personal knowledge of the facts to testify to them because he found them recited or stated in a memorandum, is even more objectionable than the introduction of the writing itself. *Bates* v. *Prable*, 151 U. S., 149; *Curtis* v. *Bradley* (Conn.), 28 L. R. A., 143; 1 Greenl. on Evid., §§ 439*a*-439*c*.

*F. V. Brahan*, for appellee.

It was competent for the witnesses to refer to their books and memoranda for the purpose of refreshing their memories. *New Orleans, etc., R. R. Co.* v. *Echols*, 54 Miss., 264; *Cooper* v. *State*, 59 Miss., 267. The appellee's right to recover the full sum demanded in the declaration was at least *prima facie* proven. Code 1892, § 1808; *Johnson* v. *Alabama, etc., Ry. Co.*, 69 Miss., 191.

WHITFIELD, C. J., delivered the opinion of the court.

It is perfectly clear that the verdict is excessive. Granting that, on Murray's testimony, all else can be upheld—which we do not now decide. Murray expressly states that he knew nothing of his own knowledge, or from his books, as to any death or injury of or to any animals in cars No. 10536, N. E.; 25067, V., S. & P.; 5029, V., S. & P.; 35040, M. & O., and 8003, A. G. S., and yet the jury rendered a verdict for the whole amount claimed. It cannot be upheld on the plaintiff's very unsatisfactory testimony, as contained in this record, and on Murray's it is excessive.

We decline to pass upon the competency of the testimony of Coleman, based on memoranda or statements, whatever they were, which Coleman was allowed to use to refresh his memory. If they were memoranda—the ones he testified from—

made by himself or under his direction at the time of the occurrence of the events recited in them, with personal knowledge that they so occurred, they could be so used.    If they were—the ones used on the trial—copies from entries made by a bookkeeper, without personal knowledge of the truth of the entries, long afterwards, it would be idle to say Coleman could refresh his memory from such memoranda, made, not by himself, but by another.    In such case the witness must once have known personally the truth of the fact recited in the entry, and so have had once, as to it, a memory, now, on the witness stand, by the entry then made by himself or one under his direction, to be refreshed.    As to a happening touching which a witness never had any actual personal knowledge, he never, at any time, had any memory to be refreshed.    The memoranda in such case, where sought to be used to refresh memory, as here, are not substantive proof of the truth of the entry recited in them.    They do not go to the jury.    They are allowed to be used only when they were made by the witness himself, or by one under his direction, so that he knows or knew of the truth of the recitation in the entry.    *Railroad Co.* v. *Provine*, 61 Miss., 288.    In *Railroad Co.* v. *Echols*, 54 Miss., at page 270, the court say, '' He had stated the cost from memory.'' And he had bought in Cincinnati, and knew the cost, once, personally.    In *Cooper* v. *State*, 59 Miss., 272, Pannell spoke from personal knowledge once had, and revived by the memorandum.    See, specially, for instructive discussion, *Bates* v. *Preble*, 151 U. S., 155, s.c. 38 L. Ed., 106, and *Curtis* v. *Bradley* (Conn.), 31 Atl., 591, s.c. 28 L. R. A., 146.    See, also, 1 Greenl. Ev. (16th ed.), secs. 439*a*–439*c*, note; Chamberlayne's Best Ev., pp. 216, 217; *Maxwell's Ex'rs* v. *Wilkinson*, 113 U. S., 656, s.c. 5 Sup. Ct., 691, 28 L. Ed., 1037; 9 Am. & Eng. Enc. L. (1st ed.), 278 (2).

The law is thoroughly settled on this point.    But in this case it is absolutely impossible, from the very irregular course of the examination, to tell what these memoranda were, or when

made.   It would seem that Coleman made the original entries, at varying times, in some sort of book or books; that he made copies from these books for some purpose, but that these were copies made by his bookkeeper, who made them from what is not shown.   We decline to pass upon an assignment of error thus obscurely presented, since it is not necessary to the de-·cision.

*Reversed and remanded.*