**EIDE v. TRATEN et al.**

No. 906.

Municipal Court of Appeals for the
District of Columbia.

Argued April 10, 1950.

Decided May 18, 1950.

I. H. Halpern, Washington, D. C., for
appellant.

Francis W. Taylor, Washington, D. C.,
with whom Sylvester J. Aquino, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee landlord sued appellant tenant
for possession of an apartment for nonpayment of rent and secured a judgment for

possession and a money judgment for unpaid rent.

■ Appellant assigns thirteen claims of error and under that portion of his brief labeled "argument" he repeats all of these claims but supports the majority of them with no argument and no citation of authority. Our rule 35(5) requires that appellant's brief contain argument in support of the claims of error. When an appellant disregards that rule we will not undertake to comb the record for an understanding of the claimed errors or for a determination of their merits. We consider only those errors assigned and argued.

Complaint is made that the trial court, sitting without a jury, at the commencement of the trial ruled that the burden of proceeding was upon the tenant. The complaint alleged nonpayment of rent in the sum of $97.50 for the period from September 1 to October 31, 1949. The answer denied that the tenant owed such sum or any sum "because the rent sued for is in excess of the rent ceiling" and alleged that the landlord was indebted to the tenant for "overcharge of rental." In addition to the answer there was a counterclaim alleging that the rent ceiling for the premises was $28 per month, that the landlord had charged and collected $65 per month, and that the tenant had paid rent at such rate from June 15 to September 14. There was a further allegation that the landlord had failed to comply with the minimum service standard. The counterclaim asked judgment for $423.

■ We think it is clear that the tenant by his answer and counterclaim admitted that he had not paid rent for the period from September 15 to October 31 and that he owed $97.50 for such period, unless, as he claimed, the landlord had collected rent in excess of the rent ceiling and had violated the minimum service standard. This was an affirmative defense and the trial court properly ruled that the burden was on the tenant to proceed and prove his defense.

At the close of the tenant's evidence the landlord, stating that he had offered no evidence, moved for judgment in his favor on his complaint and on the tenant's counterclaim. The tenant moved for a finding in his favor on both the complaint and counterclaim. The court granted the landlord's motion and denied the tenant's motion. The record does not make clear whether the court ruled as a matter of law or found as a fact that the tenant had failed to establish his defense. However, the tenant's motion for a finding in his favor and the docket entry stating that the landlord's motion was granted "after all testimony in" indicate that the evidence was closed and the case ready for decision by the court on both law and fact. Viewing the case in that light the tenant argues that the court was in error in finding for the landlord. This presents the question whether the evidence offered by the tenant, in the absence of evidence by the landlord,[1] compelled a finding for the tenant.

■ As stated before, the defense and counterclaim were based on alleged violations of the rent ceiling and service standard under the District of Columbia Emergency Rent Act.[2] To prove such violations it was incumbent on the tenant to first establish the existence of the ceiling and standard. Rent ceilings and service standards are either those fixed by the Rent Act for accommodations rented on January 1, 1941, or within the year ending on that date, or those determined by the Rent Administrator.[3] It was not claimed that the Administrator had made a determination and therefore existence of a rent ceiling or service standard depended on whether the accommodations were rented on January 1, 1941, or within the previous year. The only evidence to establish such renting was two papers produced from the files of the Rent Administrator. These papers were "Apartment Rental Schedule (For Buildings Rented January 1, 1941 or During 1940)," and were filed with the Administrator by previous lessees or operators of the building

1. Although the landlord offered no evidence, he was called as a witness for the tenant and testified.

2. Code 1940, Supp. VII, § 45—1610.
3. Code 1940, Supp. VII, § 45—1602.

—one by J. C. Blissard and one by J. C. Smith. Each schedule listed rentals for the various units under the heading "January 1, 1941 Monthly Rental."

The tenant argues that these schedules are records of the Office of the Administrator of Rent Control and must be taken as correct and true. The papers are not records of the Administrator. They are in his files but were not made by him. The act of receiving them for filing does not imply that the Administrator in any way determined the truthfulness of their contents. As far as the present landlord and owner is concerned these statements of former lessees of the building are mere hearsay and it is questionable at least whether the trial court could have made an affirmative finding based on such evidence even though admitted without objection.[4]

However, giving these statements their natural probative effect, supported by a later statement filed by the present landlord with the Administrator to the effect that such landlord had examined the schedules, knew their contents and knew that it was unlawful to receive rent in excess thereof, such evidence did not compel the trial court to find that the premises were rented on January 1, 1941, at the rate specified in the schedules. The schedules themselves were ambiguous and contradictory. Blissard's schedule was dated February 15, 1943, but the Administrator's stamp shows it was filed February 15, 1942. Obviously one date was wrong. Smith's schedule was dated March 23, 1942, and filed March 27, 1942. If the Administrator's file stamp on the Blissard schedule was incorrect,[5] then Smith's schedule was the first one filed and although it listed rents under the printed heading of January 1, 1941, under an added heading entitled "date of first occupancy" gave the date of December 8, 1941 for each unit. On its face the Smith schedule raised a doubt whether the units were rented on January 1, 1941, or were first rented on December 8, 1941. And the Blissard schedule, although listing rentals under the January 1, 1941 heading, for some unexplained reason stated the total rental schedule "as of December 8, 1941." It does not appear that either Smith or Blissard was in possession on January 1, 1941, or had any personal knowledge of the rental situation as of that date. Neither of the schedules listed a unit corresponding to the present tenant's accommodations. Therefore, giving full evidentiary value to these schedules they fall far short of conclusively establishing that the apartment in question was rented on January 1, 1941. Without such proof it cannot be said that the trial court erred in ruling that the tenant failed to prove his defense and counterclaim.

Error is also assigned in the action of the trial court in denying tenant's request for findings of fact and conclusions of law. Rule 48(b) of the trial court is cited in support of this claim. That rule however provides that in actions tried on the facts without a jury the court may, if requested by any party, find the facts specially and state separately its conclusions of law thereon.[6] The rule is permissive, not mandatory.

Affirmed.

---

4. See Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Willapoint Oysters v. Ewing, 9 Cir., 174 F.2d 676, certiorari denied, 338 U.S. 860, 70 S.Ct. 101.

5. Other evidence in the record indicates that Blissard's occupancy followed that of Smith.

6. This rule has been amended since the present case was tried (78 W. L. R. 127), but the permissive character of the rule remains unchanged.