## FOWLER et al. v. STANFORD et al.

### No. 1214.

Municipal Court of Appeals
District of Columbia.

Argued May 26, 1952.

Decided June 27, 1952.

886

Richard S. T. Marsh, Washington, D. C., with whom Rufus E. Stetson, Jr., Washington, D. C., was on the brief, for appellants.

George C. Gertman, Washington, D. C., with whom William H. MacDonald, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Plaintiffs sued their landlords for $1,530 representing double the amount of rent overcharges under the District of Columbia Emergency Rent Act.[1] Trial was had without a jury and plaintiffs appeal from a finding and judgment for defendant landlords.

 Defendants were in no way connected with the property involved on the freeze date of January 1, 1941, and in their answer they said that they were without knowledge as to what the rent was on that date. They also alleged that after acquiring the property in 1946 they had by repairs and the addition of personal property and "many added services" converted it into new housing accommodations.[2] The trial judge ruled that the burden was on the tenants to establish that the property was being used as housing accommodations on the freeze date and that such housing accommodations were substantially the same as, if not identical with, those to which plaintiffs were entitled when they secured possession of the property in 1949. The judge found that plaintiffs had failed to sustain such burden. He also ruled that (though the landlords admitted that the rent ceiling had never been adjusted or increased by the Administrator) the increased rentals agreed upon by the parties were not violative of the

Rent Act. In so ruling he was following decisions of this court which held that when new housing accommodations are involved "then the old ceiling is not applicable and the rental decided on by the parties in the lease agreement is controlling until a new one is set by the Rent Administrator." Janifer v. Werner, D.C.Mun.App., 78 A.2d 669, 670; Wilkerson v. Montgomery, D.C.Mun.App., 47 A.2d 102; Janes v. Noorbolm, D.C.Mun.App., 47 A.2d 105. Since then, however, (and after this case was decided in the trial court) a different rule has been announced by the United States Court of Appeals for the District of Columbia Circuit. Janifer v. Werner, D.C. Cir.,196 F.2d 244. In that case it was held that the filing of an application for a rent increase is a condition precedent to the recognition of a contractual interim ceiling, pending determination by the Rent Administrator of a new rental ceiling on the basis of new housing accommodations.[3] Therefore the fact that a landlord has so changed the whole accommodations on which a rent ceiling had been established that they should now be considered new accommodations within the meaning of the Delsnider case is not, in the absence of the filing of an application for a rent increase, a defense to a suit of this kind. We must rule that the judge was in error in casting the burden of proof on the plaintiff-tenants, and requiring them to prove affirmatively that which would not constitute a valid defense for the landlords.

But there is another aspect of this case, primary in nature, which must first be considered. That is whether plaintiffs established that the premises were subject to a rent ceiling on the freeze date. Plaintiffs sought to establish the ceiling by a lady who was the owner of the property on January 1, 1941. This witness had great difficulty remembering any details concerning the rental of the premises on that date. Though she was examined at great length by counsel and by the court her responses were for the most part marked by confusion and indecision. Nevertheless, after she was

1. Code 1940, Supp. VII, 45–1601, et seq.

2. See Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844.

3. See Delsnider v. Gould, supra, footnote 2.

shown a schedule she had filed with the Rent Administrator and which showed that on the freeze date the rental was $55, she said twice that such had been the monthly rental.

The judge first announced his findings and conclusions in open court and, as revealed by the stenographic transcript, he seemed to accept the $55 figure as the rent which was being charged on the freeze date. But he ruled in favor of the landlords on the ground that the tenants had failed to sustain the burden of proof to which we have already referred—a burden which under the circumstances, and under the ruling in the Janifer case, did not rest on the tenants.

Plaintiffs then filed a "motion for new findings and conclusions and for judgment, or for a new trial." Denying a new trial the judge made written findings of fact and conclusions of law "enlarging and supplementing the court's original findings. * * *" He ruled—

(1) that the plaintiffs failed to establish the rental on the critical date of January 1, 1941, and to prove by the preponderance of the evidence that the services on that date were the same as they were entitled to receive in 1949–1950; and

(2) that the defendants have shown by the preponderance of the evidence that the housing accommodations in 1949 had been substantially altered so as to amount to new housing accommodations for which they could charge a new and higher rental; and

(3) that there being no maximum rent ceiling established for January 1, 1941 there has been no overcharge by the defendants above the critical rent date and the agreed rentals of $115 and $100 for the period of occupancy by the plaintiffs are not in violation of the Rent Act.

The supplemental findings thus differ from the original findings announced at the end of the trial in two respects:

1. In his written rulings the judge did not expressly hold that the burden of proof was on the plaintiffs; he found affirmatively that the defendants had shown by a preponderance of the evidence that they had created new housing accommodations.

2. In his original ruling he indicated that the frozen rental was $55, while in his later written findings he held that plaintiffs had failed to establish that fact. This later holding was coupled with a statement that plaintiffs had failed "to prove by the preponderance of the evidence that the services on that date were the same as they were entitled to receive in 1949–1950."

Because of this confusion in the record, additional importance attaches to the rent schedule in which the former owner stated that the January 1, 1941 rental was $55. When the schedule failed to refresh the recollection of the witness it was offered under the rule of "past recollection recorded" as evidence of the rental ceiling. It is true that the witness was unable to recall many of the matters about which she was asked, and that her testimony was vague, confused and halting. But when the schedule was exhibited to her she stated unequivocally that the signature thereon was hers. She also said that the statements must have been true at the time they were made and that if the schedule "said I was charging $55 in 1941, that's what I was charging." Under the circumstances the schedule should have been received in evidence.

 This jurisridiction recognizes the rule of evidence which permits a writing made by the witness to be received as past recollection recorded. Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S. App.D.C. 271, 140 F.2d 13, certiorari denied, 322 U.S. 755, 64 S.Ct. 1270, 88 L.Ed. 1584.[4] We think it cannot be said that the document here involved was made so far from the time of the original transaction as to cast serious doubt on its accuracy. In United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 235, 236, 60 S.Ct. 811, 84 L.Ed. 1129, rehearing denied, 310 U.S. 658, 60

4. See also United States v. Riccardi, 3 Cir., 174 F.2d 883, certiorari denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746. For an extensive annotation on this subject see 125 A.L.R. 3, 80–190. See also 3 Wigmore, Evidence, (3d Ed. 1940), Secs. 734–755.

S.Ct. 1091, 84 L.Ed. 1421, grand jury testimony given as to transactions occurring more than a year before was held properly used to refresh the recollection of a witness,[5] and that such use is subject to the sound discretion of the trial judge. The use of a writing for the purpose of past recollection recorded is analagous to refreshing the memory of a witness. United States v. Riccardi, 3 Cir., 174 F.2d 883, certiorari denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746.

■ Applying the law above stated, we think that a rent schedule which states what rent was charged some fifteen months before the schedule was made is close enough in point of time to be admissible under the rule of the Socony-Vacuum Oil Co. case. The fact sought to be proved was a simple one and one about which the landlady could hardly have been mistaken, because the receipt of rent is not usually an isolated transaction but one which recurs at regular intervals. The schedule met all the requirements of past recollection recorded and the judge should have admitted it on that basis and for that purpose.

Defendants contend that this case is controlled by Eide v. Traten, D.C.Mun.App., 73 A.2d 522. There we said that rent schedules were not admissible *as records of the Rent Administrator* because though filed in his office they were not prepared by him and he did not in any way determine the truthfulness of their contents. We also said that as to the landlord who was one of the parties the statements were merely hearsay. That decision is clearly distinguishable. The rent schedule in this case was not offered as a record of the Rent Administrator. Moreover the person who prepared the schedule was a witness on the stand and it was therefore not objectionable on the ground of hearsay, since the rental named was within the personal knowledge of the witness.

Other cases on which defendants rely are likewise distinguishable. In the main they are cases in which a document after being used to refresh the recollection of a witness was held not admissable as corroborative evidence.

Reversed, with instructions to award a new trial.

5. Cf. the earlier decision of the Supreme Court in Putnam v. United States, 162 U.S. 687, 16 S.Ct. 923, 40 L.Ed. 1118; Parsons v. Wilkinson, 113 U.S. 656, 5 S.Ct. 691, 28 L.Ed. 1037, where it was held that a document made twenty months after the transaction was not admissible.