**Peter MOSKIOS, Appellant,**

v.

**Nicholas J. GASTON, Appellee.**

No. 1757.

Municipal Court of Appeals for the
District of Columbia.

Argued March 5, 1956.

Decided April 3, 1956.

Edward J. Doyle and William F. Hickey,
Washington, D. C., for appellant.

George J. Charles, Washington, D. C.,
for appellee.

Before HOOD, Acting Chief Judge,
QUINN, Associate Judge, and CAYTON
(Chief Judge, Retired), sitting by designa-
tion under Code, § 11–776(b).

QUINN, Associate Judge.

Appellant filed suit against Gaston for
wages and materials furnished in connec-
tion with certain landscaping and gardening
work. A dispute arose as to the total num-
ber of hours appellant worked and a trial
by the court resulted in a judgment for
Gaston.

Bringing this appeal plaintiff
claims that the trial court erred in refusing
to strike the testimony of a witness, a
houseboy for Gaston, that he kept a record
as to the days and hours plaintiff worked.
On cross-examination it developed that this
information was first noted on small cards
and pieces of paper and was later trans-
ferred to a memorandum which the witness

referred to while testifying. The witness testified that after the information was transcribed to the memorandum, he destroyed the cards and pieces of paper and that some of the entries were made directly on the memorandum. Plaintiff argues that this was not an original memorandum but a copy, that it was open to suspicion as not being genuine under the circumstances, and therefore the witness' testimony was inadmissible.

While the record is meager and not as clear as it might be, we think the fair inference to be drawn is that the writing was a record of the witness' past recollection and was treated as such by counsel and the trial judge. Support for this inference is found in the fact that there were twelve entries over a period of two months; each entry being divided into three parts to show the date, the time of day, and the total number of hours worked. It would be difficult to conceive of a complete independent recollection of such complicated and numerous entries.

It is of course the general rule that the original is necessary, if procurable, in cases of past recollection recorded.[1] It is implicit in the rule that if an original is lost or otherwise unavailable, a copy may then be used.[2] Here, the witness testified that he had destroyed the slips of paper and cards upon which the original entries were made. There was no indication that this was done for any fraudulent purpose; on the contrary, it seems clear that the witness intended to make only temporary notes which were to be entered on a more permanent record later.[3] Such a course of conduct

does not require a holding that the memorandum was not genuine or that it was otherwise open to suspicion.

In cases of past recollection recorded, whether the record is directly admitted into evidence, or indirectly by the testimony of the witness, it is nevertheless a substitute for his memory and is therefore ordinarily required to meet certain standards.[4] Compliance with these standards is usually met by laying a foundation which insures the adequacy of the witness' recollection as to when the memorandum was made and the accuracy and identity of the record itself. In this case, and the record supports this observation, plaintiff was evidently unaware as to which type of recollection (past or present) the witness was testifying from. Counsel had at his disposal the customary opportunities to test the witness' recollection but refrained from doing so until the witness had completed his direct examination. The record before us is barren of any facts which would compel us to conclude that at the completion of the cross-examination of the witness the necessary requisites for reception of the evidence had not been complied with. Accordingly, we find no error in the trial court's refusal to strike the testimony.

Finally, plaintiff urges that the court erred in overruling his motion for new trial. We have repeatedly held that the refusal of a new trial may not be reviewed on appeal unless there is a clear abuse of discretion.[5] The record discloses no such abuse in the present case.

Affirmed.

1. Jewett v. United States, 9 Cir., 15 F.2d 955; Fisher v. Swartz, Mass., 130 N.E. 2d 575; 3 Wigmore, Evidence, § 749 (3d ed. 1940).

2. Rumely v. United States, 2 Cir., 293 F. 532, certiorari denied, 263 U.S. 713, 44 S.Ct. 38, 68 L.Ed. 520; Mueller v. Rock, Mo.App., 249 S.W. 435; Nehrling v. Herold Co., 112 Wis. 558, 88 N.W. 614; see also Annotation, 125 A.L.R. 19, 152 et seq.

3. Mueller v. Rock, supra; Nehrling v. Herold Co., supra.

4. United States v. Riccardi, 3 Cir., 174 F.2d 883, certiorari denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746; generally, see 3 Wigmore, Evidence, §§ 744–755 (3d ed. 1940).

5. Safeway Stores, Inc., v. Gibson, D.C. Mun.App., 118 A.2d 386, and cases cited therein.