Gracie **BELCHER** and Ulysses Hawkins,
Appellants,

v.

**JENKINS ENGINEERING CO., Inc.,** a
corporation, Appellee.

No. 1779.

Municipal Court of Appeals for the
District of Columbia.

Argued April 30, 1956.

Decided June 11, 1956.

Foster Wood, Washington, D. C., for appellants.

Joseph A. Kaufmann, Washington, D. C., with whom Thomas Ellis Lodge, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit for the value of labor and material furnished in connection with locating and eliminating stoppage in a sewer pipe. A trial by the court resulted in a finding and judgment for plaintiff.

At trial the president of plaintiff corporation testified as to the days and hours spent on the job by its plumbers and laborers. In order to refresh his recollection, he referred to a paper which contained entries of work performed on eight different days, each entry being divided into five parts to show the date, whether the work was performed by a plumber or a laborer, or both, whether the work was performed on regular time or overtime, and the total number of hours worked each day. Over

objection, the paper was offered and received in evidence. The president testified that about a month after the work was completed, his wife, who did all the bookkeeping for the corporation, copied the figures from the time sheets of the men employed, and that a copy of this breakdown was forwarded to defendants' attorney at his request. At this stage it was stipulated that if the witness' wife were present and testified, she would corroborate his testimony. It was also stipulated during argument before this court that, although the record did not reflect it, there was testimony at trial that the original sheets had been destroyed.

■ The use and introduction of the memorandum presents the sole question in this case. We must conclude, as we did in Moskios v. Gaston, D.C.Mun.App., 121 A.2d 722, that because of the nature of the memorandum, it was a record of past recollection. However, appellants do not argue that the memorandum was not a record of past recollection but contend that it was inadmissible in any event. In support thereof, they allege that the statement of work performed was not prepared contemporaneously with the performance of the work and further assert that the president had no personal knowledge of the facts recorded. With this we cannot agree. In Moskios v. Gaston, supra, we held that in cases of past recollection recorded, the original memorandum is necessary, if procurable, but if it is lost or otherwise unavailable the witness may testify from a memorandum made from the original records. Here, the judge could have found from the evidence that the original time sheets were no longer in existence.

■ With regard to appellants' argument concerning contemporaneity we note there was no evidence that the time sheets of the men employed were not prepared at or near the time the work was done. Nor was there any evidence which would cast doubt on the accuracy of the copy prepared by the bookkeeper approximately one month later. We do not think the document here involved was prepared so far from the time the work was performed as to cast serious doubt on its authenticity.[1]

Appellants' assertion that the president's testimony was based solely on the memorandum is not borne out by the record. The record reveals that the president had wide experience in the plumbing and heating business; that he was conversant with work and prices in that field; that he was present, if not all, at least most of the time the work was being done, and that it was under his complete supervision. Assuming that the stipulation does not answer appellants' argument, we think that such testimony shows that the witness had sufficient knowledge of the information recorded to permit its use by him while testifying.[2]

In view of the stipulation made at trial from which the trial court could have found sufficient verification of the memorandum, as well as the stipulation made in this court that there was testimony that the original sheets had been destroyed, we must hold that the statement of work performed met all the requirements of past recollection recorded and that the trial judge was correct in allowing its use and introduction into evidence for that purpose.

Affirmed.

1. Fowler v. Stanford, D.C.Mun.App., 89 A.2d 885.

2. Millaway v. Brown, Mo.App., 197 S.W.2d 987.