Edward S. COHEN and Sarah Cohen, Appellants,

v.

Earl W. BERRY and George W. Golden, Appellees.

No. 3092.

District of Columbia Court of Appeals.

Argued Jan. 7, 1963.

Decided Feb. 21, 1963.

---

Bertrand H. Merwin, Washington, D. C., for appellants.

Daniel T. Donohoe, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellees, a carpenter and his helper, brought suit to recover the balance due for work performed at appellants' place of business. Full payment to both appellees was urged in defense. Trial by the court resulted in a finding and judgment for appellees. The use and introduction into evidence of certain memoranda pertaining to the days and hours spent on the job present the only question of substance on this appeal.

Berry and Golden were hired on an hourly rate basis to perform certain work for appellants. At trial Berry testified concerning the circumstances under which he was hired and the services he performed. He stated that he kept a record of his time each day in a notebook and that he transferred these figures onto sheets of paper at the end of a week or ten days. He explained that the notebook containing the original entries had been discarded sometime ago and was no longer available. The sheets in question, covering a period of approximately eight months, were admitted into evidence over objection.

Golden testified that he was hired to assist Berry and that the latter also kept a record of his hours in the same notebook and then entered them on separate sheets of

paper, which he identified. Berry was recalled and corroborated Golden's testimony. These sheets were also offered and received in evidence over objection.

■ Appellants style the memoranda in question as self-serving statements which, they contend, do not meet the requirements of the Federal Shop Book Rule. However, we have held that a witness may refer to a copy of the original time sheets as past recollection recorded when testifying as to the days and hours spent on a job. Belcher v. Jenkins Engineering Co., D.C.Mun.App., 123 A.2d 215 (1956); Moskios v. Gaston, D.C.Mun.App., 121 A.2d 722 (1956).

■ As past recollection recorded the memorandum is required to meet certain standards since it is received as a substitute for present memory and is offered for the truth of its contents.[1] The federal courts still require that before a memorandum can be received as past recollection recorded it must be demonstrated initially that the witness has no present recollection of the events contained in the writing.[2] In the present case the statement of proceedings and evidence does not indicate the nature or extent of the examination of appellees to test their independent recollection. However, it is inconceivable that they could recall from independent memory the exact number of days and hours worked over a period of approximately eight months.

■ The trial court's primary concern must be with the adequacy of the witness's past recollection and the accuracy and identity of the writing, and its discretion should be allowed to control.[3] In this case appellees had firsthand knowledge of the information contained in the writings, and the recording was made at a time when the events were fresh in their memory. Berry identified the sheets of paper containing the days and hours which both he and Golden had worked, and Golden testified that the sheets, which he referred to and which were received in evidence, were the same which he had seen Berry prepare from the original notebook. Other than this there is no particular reference in the statement of proceedings and evidence to appellees' testimony relating to the accuracy of the writings. Nevertheless, we can fairly assume from the proffer and the trial court's acceptance of the recordings that the court was convinced of their accuracy. Since the trial court accepted them as accurate and Golden adopted the notations pertaining to his work as his own, it is immaterial that he was not the person who actually recorded the information in the original notebook and then copied it onto the sheets which were received in evidence.[4]

■ Finally, we cannot say that the memoranda were not genuine or that they were open to suspicion because they were copied from the entries originally made in the notebook. In cases of past recollection recorded the original memorandum is necessary, if procurable, but if lost or otherwise unavailable, and there is no indication that it had been discarded for fraudulent purposes, the witness may testify from a memorandum made of the original records. Moskios v. Gaston, supra; Edmunds v. Frank R. Jelleff, Inc., D.C.Mun.App., 127 A.2d 152 (1956). Accordingly, we find that the memoranda in question met all the requirements of past recollection recorded and were properly received in evidence.

Affirmed.

1. Moskios v. Gaston, D.C.Mun.App., 121 A.2d 722 (1956); see generally, Morgan, The Relation between Hearsay and Preserved Memory, 40 Harv.L.Rev. 712, 717–719 (1927).

2. See Fowler v. Stanford, D.C.Mun.App., 89 A.2d 885 (1952); 3 Wigmore, Evidence § 738 (3d ed. 1940).

3. For a thorough discussion of commonly accepted tests and their shortcomings when rigidly applied, see 3 Wigmore, Evidence §§ 744–755 (3d ed. 1940).

4. See 3 Wigmore, Evidence § 748 (3d ed. 1940).