# Lacey *v.* The State.

*Indictment containing counts for Burglary and Larceny.*

1. *Swearing of jury; failure of record to show.*—Where the record fails to show that the jury were sworn, a judgment of conviction will be reversed.

2. *Confession; when not voluntary.*—Where the prosecutor as a witness testifies that he met defendant after his house had been broken into (a chair, among other things, having been taken therefrom) and said to him "you had better return the chair," and defendant replied that "he would," the witness stating that he offered no inducement or promise or threats to defendant—*held*, that said confession of prisoner was not voluntary, and should have been excluded.

3. *Nol. pros. to one of several counts of indictment; when not error.*—Where an indictment contains two counts the court may allow the solicitor, though demurrer is interposed by defendant, to enter a *nol. pros.* to one of said counts, and not pass upon the demurrer—re-affirming *Wooster v. The State*, 55 Ala. 217.

4. *Punishment for petit larceny; when not error for court to fix the measure of.*—Under section 4361 of the Code of 1876, providing for the punishment of petit larceny, it is not error for the court to fix the measure of punishment by imprisonment in jail, when the jury return a verdict of guilty of petit larceny; the discretion of the jury provided for in said section relates to the matter of super-adding a money fine.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JAS. E. COBB.

(25)

[Lacey v. The State.]

The indictment against defendant contained two counts, the first charging burglary and the second larceny. The defendant demurred to the indictment, alleging misjoinder, and other grounds. Pending the argument on the demurrer, the solicitor moved to *nol. pros.* the first count of the indictment, which was granted by the court against the objection of defendant. Defendant then moved to quash the indictment, but was overruled and forced to trial on the second count. E. T. Glenn, the prosecutor, testified that he was the party named in the indictment whose chair was alleged to have been stolen. Solicitor then asked him, if he remembered having any conversation with defendant in relation to the chair, to which witness replied that he had a conversation with defendant on meeting him in Montgomery, when he said to defendant, "you had better return the chair," and defendant replied "that he would." The defendant objected to such evidence, on the ground that a proper predicate had not been laid, and that the language used by Glenn, to defendant, made it objectionable. The witness Glenn, stated in this connection that he offered no inducement of promises or threats to defendant, and all that passed was as above stated, which was before any prosecution had been commenced against defendant.

The jury returned a verdict of *"petit larceny,"* and defendant then moved in arrest of judgment, on the ground that the court had no authority to fix the punishment by imprisonment or hard labor, because the sentence under the law had to be ordered by the jury in their verdict. The court overruled the motion, and defendant now appeals to this court upon the record.

Geo. P. HARRISON, JR., for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*

STONE, J.—1. The judgment of conviction in this case must be reversed, because the record fails to show that the jury were sworn.—Code of 1876, § 4765; *Hicks v. The State,* in manuscript.

2. The confession of the prisoner, given in evidence by Glenn, was not what the law calls voluntary, and therefore should not have been received. The law can not measure the degree of influence exerted upon the prisoner's mind, by an inducement offered, or threat made. The confession, to be receivable in evidence, must be purely voluntary.—*Mose v. The State,* 36 Ala. 211.

3–4. The court did not err in allowing a *nolle prosequi* of

[Cummins v. The State.]

the first count, *(Lou Wooster v. The State*, 55 Ala. 217,) nor in fixing the measure of punishment. The discretion of the jury, provided for in section 4361 of the Code of 1876, relates to the matter of super-adding a money fine.

Reversed and remanded. Let the prisoner remain in custody until discharged by due course of law.