# CASES

## IN THE

# SUPREME COURT OF ALABAMA,

## DECEMBER TERM, 1888.

## Billingslea *v.* The State.

### *Indictment for Gaming.*

1. *Testimony of witness before grand jury.*—A witness can not be questioned, on the trial, as to his testimony before the grand jury during their investigation of the charge against the defendant.

2. *Objection to question and answer; sufficiency of exception.*—When objection is made to a question propounded to a witness, and exception reserved to the overruling of it, but the record does not show that the question was answered, this court can not say that there is reversible error.

3. *Refreshing recollection of witness by memorandum.*—A witness, being questioned as to the time of the commission of the offense charged against the defendant, may refresh his memory by reading a memorandum of his testimony on a former examination, which was written down and subscribed by him at the time; and may testify as to the time as thereby shown, although he has no independent recollection of it.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The indictment in this case was found at the July term, 1887, of said court, and charged the defendant with playing a game of cards at some one of the public houses or places specified in the statute. On the trial, at the February term, 1888, issue being joined on the plea of not guilty, the State introduced one Hutchings as a witness, who testified, "that he had an indistinct recollection of having played a game of poker with the defendant and others, in a room in the Ruby Hotel in the city of Montgomery, but could not state when this was, and would not undertake to fix the time when said game was played." The solicitor then produced and handed to the witness a written statement,

which purported to be his testimony before the grand jury, by which the indictment was found, and was subscribed by him; and stated to the court that he did not propose to offer the said paper in evidence, "but only desired to show the witness what he had testified before the grand jury, so as to refresh his recollection as to the time when said game of cards was played." On objection by the defendant, the court refused to allow the witness to look at the paper, "unless it was first proved to have been taken down and sworn to before the grand jury." F. H. Merritt, one of said grand jurors, was then introduced by the solicitor as a witness, and testified that, at said term of the court, "the grand jury directed the testimony of witnesses, in gaming and sabbath-breaking cases, to be taken down in writing by the solicitor and preserved." "The defendant objected to said witness being allowed to testify as to the action of the grand jury, on the ground that their acts and doings were secret, and that the witness could not be compelled, and had no right, to divulge anything that took place before them. The court overruled the objection, and the defendant excepted. Said Merritt stated, on cross-examination, that he had no recollection of the witness Hutchings having been before said grand jury, and had no recollection of said particular statement having been taken down in writing by the solicitor under the direction of said grand jury." The witness Hutchings was then recalled, and testified, "that he recognized his signature to said written statement, and remembered that he signed a paper before said grand jury, but had no recollection of the person by whom it was prepared; and that, from his signature thereto, he must have signed said written statement. The defendant objected to said witness testifying as to his signature to said paper, or as to his having signed said paper before the grand jury or elsewhere; but the court overruled the objection, and the defendant excepted. This evidence was offered also to show that said written statement was the testimony of said witness before the grand jury, and was taken down by the direction of said grand jury. The court then permitted said Hutchings to refer to said written statement for the purpose of refreshing his recollection. The solicitor then asked said witness, looking at said written statement, if he did not "testify before the grand jury to the effect" as therein stated. The defendant objected to these questions, and to each and every one of them; but the court overruled each and every one of said

objections, and the defendant duly excepted. The solicitor then asked said witness this question: "Refreshing your recollection by the statement of your testimony before the grand jury, state to the jury whether or not, within a week prior to the time you were a witness before the grand jury, at said July term of this court, you saw the defendant and others play a game of cards in the Ruby Hotel in this city" [Montgomery]; to which the witness answered: "In the neighborhood of a week? Yes, sir." The witness then stated, on cross-examination, "that without said written statement he could not have recollected the time at which said game of cards was played, and that he had no recollection of the time separate and apart from that received from said written statement. The solicitor did not offer said written statement in evidence before the jury."

STONE, C. J.—We think it clear that it was not permissible to call out from the witness, Hutchings, what testimony he had given before the grand jury. A party on trial for a public offense has the constitutional right "to be confronted by the witnesses against him." The right of cross-examination is scarcely less sacred than this; and parties, whose conduct is undergoing investigation before a grand jury, have no right to be present, and are not permitted to be represented before that body. It is a grand inquest, but it is secret, and *ex parte*.

The record before us shows that the witness was asked if he had not given certain testimony before the grand jury, when interrogated in reference to the charge against this defendant. This question was objected to, the objection overruled, and defendant excepted. This was not enough to raise the question. We can not know that any answer was given to this question, or, if given, that it was not favorable to defendant. The record fails to inform us that this question was answered.—*Phœnix Ins. Co. v. Moog*, 78 Ala. 284, 309, and citations.

The testimony showed that, when this witness was examined before the grand jury, his testimony was reduced to writing, and signed by him. Against the objection and exception of defendant, this memorandum was allowed to be shown to the witness, and examined by him. He recognized and acknowledged his handwriting to the memorandum. He was asked: "Refreshing your recollection by the statement of your testimony before the grand jury, state to the

jury whether or not, within a week prior to the time you were a witness before the grand jury, at said July term of this court, you saw the defendant and others play a game of cards in a room in the Ruby Hotel in this city ?" This question was leading; but trial courts are allowed a discretion in permitting leading questions to be put to one's own witness. It does not appear to have been objected to on that account. The witness answered, "In the neighborhood of a week ? yes, sir." This question and answer were separately objected and excepted to. The witness, on cross-examination, "stated that without said written statement he could not have recollected the time at which said game of cards was played, apart from that received from said written statement."

The testimony of the witness was clearly revived recollection. He had before him a paper, the contents of which he had approved, as evidenced by his signature; and we must presume he would neither have approved or signed it, if he had not, at the time, known it stated the facts. The testimony was legal.—1 Greenl. Ev. §§ 436-7; *Acklen v. Hickman*, 63 Ala. 494.

The rulings of the court are in accordance with our views, and are free from error.

Affirmed.

