| 97 | 619 |
| 136 | 267 |

# Bolling v. Fannin.

## Detinue.

1. *Book entries as evidence.*—The main point in controversy in an action of detinue for a mule, being the fact of possession by the defendant at the institution of the suit, the defendant and his son testifying that a mule of the description of that sued for was sold and delivered by one of them, and the money promptly turned over to the defendant's cashier, who testified that he entered the cash on the books at the time, which was prior to the institution of the suit; such entry in connection with the other testimony is admissible.

APPEAL from City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

E. P. MORRISETTE, for appellant, cited 1 Gr. Ev. 115; 117; *McDonald v. Carnes,* 90 Ala. 147; *Dismukes v. Tolson,* 67 Ala. 388; 18 Wall; 541; *Meyer v. Hearst,* 75 Ala. 394; *Mattison v. State,* 55 Ala. 224.

A. A. WILEY, for appellee, cited 2 Phil. on Ev. 43; *Nolley v. Holmes,* 5 Ala. 642; *Moore v. Andrews,* 5 Port. 107; *Acklen v. Hickman,* 63 Ala. 494; *Adams v. Robinson,* 65 Ala. 591; *Warner v. Price,* 3 Wend. 397; 45 S. & R. 551.

COLEMAN, J.—The appellee sued defendant Bolling, in detinue to recover a mule called Pete, and damages for its detention.

To recover in detinue, it is incumbent upon the plaintiff to show the possession of the defendant at the time

of the institution of the suit.—*Behr v. Gerson*, 95 Ala. 438; *Graham v. Myers*, 74 Ala. 434; *Gilbreath v. Jones*, 66 Ala. 129; *Miller v. Hampton*, 37 Ala. 342. This principle of law was relied upon as a defense to the present action. The summons issued on the 13th of January and returned executed on the 14th of Jany. 1891.

The testimony of the defendant R. E. Bolling, tended to show a sale of the mule and its delivery to the purchaser on the 30th of December, 1890,—some two weeks prior to the institution of the suit. He testified that the mule Pete was sold for sixty dollars, and the money paid immediately to McCombs, who was his cashier. This witness could not say whether he made the sale of the mule himself, or whether it was made by his son Elliott Bolling. The son, Elliott Bolling, testified that sometimes he made the sales of mules, and sometimes his father, and sometimes both together; that the mules were sold during the months of December, January and February; and as for this particular mule he did not remember whether he or his father concluded the sale, or the month in which it was sold; but that they were all sold for cash, and the money immediately paid to the cashier McCombs. The defendant then offered in evidence his cash book and an entry made by the cashier McCombs, in the regular line of business. This entry showed that on the 30th of December he received sixty dollars for a mule Pete, and defendant proposed to prove in connection therewith by the cashier, that the money was handed him either by R. E. Bolling, or Elliott Bolling. The cashier testified that "he had no recollection of the matter apart from his book, that he never sold any of the mules, and knew nothing about any transaction in connection therewith, except what he derived from hearsay." The record states that the testimony of the witness McCombs and the entry in the cash book were offered together and as a whole as evidence "tending to show that the mule Pete was sold and passed out of possession on the 30th of December, 1890,"—the date of the entry. The court "sustained an objection to the testimony, and excluded the same from the jury." This ruling is assigned as error.

We must treat the question as presented in the bill of exceptions. The rule declared in *Moore v. Andrews*, 5 Por. 107, and afterwards followed in *Nolley v. Holmes*, 3 Ala. 642, "that entries made by a tradesman in this book, stating the delivery of goods, are not evidence in his favor" has been declared to be against the weight of authority, and may be regarded as overruled.—*McDonald v. Carnes*, 90 Ala. 148.

[Bolling v. Fannin.]

The rule, as settled, is that a witness may refresh his memory by reference to a memorandum made by himself or one known to him to state the facts truly. In such case the memorandum is not evidence. The witness testifies to the facts, independent of the memorandum. Its only purpose in such a case is to refresh his memory. A further rule is, that though the witness may have no recollection of the facts independent of the memorandum, if he is able to testify that at or about the time the memorandum was made, he knew its contents, and knew them to be true, this lets in both the testimony and the memorandum.—*Acklin v. Hickman*, 63 Ala. 498; *Billingea v. The State*, 85 Ala. 323; *Snodgrass v. Coulson*, 90 Ala. 348.

It is also settled that "original entries made by a person in his own books, or made by his clerk, when done in the ordinary course of business, and contemporaneously with the tranaction to which such entries relate are generally admissible in evidence to prove the correctness of all items within the knowledge of the person making them. Before admissible, the entries must be sworn to as having been made by the party who made them, and that he knew of their correctness at the time they were made, if such party is living. If he is dead, or insane, or beyond the jurisdiction of the court, proof of his handwriting will be sufficient.—*McDonald v. Carnes*, 90 Ala. 148; *Pearson v. Darrington*, 32 Ala. 256; *Union Bank v. Knaph*, 15 Amer. Dec. 195 note; *Hancock v. Kelly*, 81 Ala. 378; *Terry v. Birmingham Bank*, 93 Ala. 608.

The entry in the present case seems to have been made by the cashier in the regular course of business, and the cashier himself was present in court. He testified, however, that he knew nothing of the sale of the mules or "any transaction connected therewith except from hearsay." Neither the testimony of the cashier, nor entry in the cash book, independent of other evidence, was competent to show a sale of the mule, or that the money was the proceeds of the sale, as the witness who made the entry testified he had no knowledge of such fact except hearsay. The testimong and the entry were both competent to show that on the 30th of December, 1890, (the date of the entry) the defendant R. E. Bolling, or his son paid him, the cashier, sixty dollars, and that he entered it at the time on the cash book. To this as a fact the witness was competent to testify and the cash entry was also evidence of this fact. This fact in connection with other facts testified to by the two Bollings did tend to show a sale of

[West v. Thomas.]

the mule on that day, and its delivery and in this con-
nection, the evidence offered was legitimate, and its ex-
clusion was error.

Reversed and remanded.