# Gibbs *v.* The State.

*Indictment for Receiving Personal Property knowing it to be Stolen.*

1. *Trial and its incidents; when nol pros. as to one of several counts of indictment not erroneous.*—Where an indictment contains two counts, it is permissible for the court to allow the solicitor, after a demurrer is interposed to the indictment by the defendant on the ground of misjoinder of counts, to enter a *nolle prosequi* as to one of said counts.

2. *Receiving stolen property; when general affirmative charge properly refused.*—On a trial under an indictment charging the defendant with receiving property knowing it to have been stolen, and without the intent to restore it to the owner, the general affirmative charge requested by the defendant is properly refused when there is sufficient evidence adduced from which the jury might infer the ownership of the property to be in the party laid in the indictment and a guilty knowledge on the part of the defendant.

3. *Same; admissibility of evidence.*—On a trial under an indictment charging the defendant with having received a pair of shoes, knowing them to have been stolen, and without

the intent to return them to the owner, testimony by a member of the firm named as the owner of the shoes, that the shoes which had been stolen were of "a pattern of the shoes his firm sold," is admissible in evidence in connection with other testimony, as tending to show ownership of the shoes as laid in the indictment.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The indictment under which the defendant Bristow Gibbs was tried and convicted originally contained two counts  The first count charged the defendant with the larceny from a storehouse of ten pairs of shoes of the value of twenty dollars, the personal property of C. F. Moritz & Co. The second count of the complaint charged the defendant with buying, receiving or concealing or aiding in concealing ten pairs of shoes of the value of twenty dollars, the personal property of Moritz & Co., knowing that said property was stolen, and not having the intent to restore the said property to its owner.

The defendant demurred to the indictment upon the ground that it contained a misjoinder of offenses in that the first count charged a felony and the second count charged a misdemeanor  After the interposition of this demurrer, the State, through its solicitor, asked to be allowed to enter a *nolle prosequi* as to the first count of the indictment. The court granted this motion against the objection of the defendant, and to this ruling the defendant duly excepted.

The evidence for the State tended to show that within a year before the filing of the indictment the defendant, at the request of one Jim Richardson, who had in his possession two or three pairs of shoes, took one of the pairs of shoes and sold them to one Dozier for $1.50; that he turned this mney over to Richardson and of this money Richardson gave him 50 cents. It was also shown that the defendant sold other shoes for Richardson. The shoes so sold by the defendant were shown to be new and were worth between $4 and $5.

C. F. Moritz, a witness for the State, testified that he was a member of the firm of C. F. Moritz & Co., which firm was engaged in the wholesale shoe business in Mont-

gomery. He was shown a pair of shoes admitted to be the shoes that had been sold by the defendant to Dozier, and was asked if he could identify said pair of shoes as the property of Moritz & Co. In response to this question the witness stated that he could not positively identify the shoes as being the property of Moritz & Co., "but that said pair of shoes was of a pattern of shoes that his firm sold," and that his firm was the only firm in Montgomery or any town in that section of the county which had that particular make of shoes for sale, that his firm had not sold the shoes in question to any dealer in Montgomery.

The defendant moved the court to exclude from the jury the statement of the witness which is in quotation, having reference to the pattern of the shoes, upon the ground that such testimony was illegal, irrelevant and incompetent. The court overruled the motion, and the defendant duly excepted. The witness Moritz further testified that 27 pairs of shoes of the same pattern as that of the pair sold by the defendant to Dozier had been stolen from the storehouse of C. F. Moritz & Co. within a short time before the sale by the defendant. The defendant, as a witness in his own behalf, testified to having sold the shoes, but stated that Richardson told him the shoes belonged to him, Richardson, and his brother. There was other evidence introduced on the part of the defendant tending to show that he did not know the shoes were stolen at the time he sold them to Dozier.

The defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked: "If the jury believe the evidence they must find the defendant not guilty." From a judgment of conviction the defendant appeals.

C. P. McIntyre, for appellant, cited *James v. State*, 104 Ala. 20; *Broughton v. State*, 105 Ala. 103; *Reuben v. State*, 109 Ala. 7.

Chas. G. Brown, Attorney-General, for the State, cited *Laccy v. State*, 58 Ala. 385.

[Hogan v. The State.]

DOWDELL, J.—With the consent of the court, the solicitor entered a *nolle prosequi* as to the first count of the indictment after demurrer for misjoinder interposed and before ruling on the demurrer. This was permissible and consequently free from error.—*Lacey v. State,* 58 Ala. 385.

There was sufficient evidence from which the jury might infer the ownership of the shoes stolen to be in the party alleged in the indictment, and, also, a sufficiency of evidence to authorize the inference of guilty knowledge on the part of the defendant.

The affirmative charge requested by the defendant was properly refused.

The evidence of the witness Moritz "that the pair of shoes which had been stolen was a pattern of the shoes his firm sold," when taken in connection with other evidence in the case, was competent and relevant as tending to show ownership of the shoes, and the motion to exclude this testimony was properly denied .

We find no error in the record, and the judgment of the city court is affirmed.

Affirmed.