## ORR v. BURLESON et al. (8 Div. 764.)

(Supreme Court of Alabama. March 16, 1926.)

**1. False imprisonment ⬨15(3).**

Employment of detective by railroad to protect property and get information does not give him real or apparent authority to make arrest in behalf of railroad.

**2. False imprisonment ⬨31—Evidence held insufficient to sustain finding that railroad was liable for detention of person arrested by guardsmen during strike, military officer having entire control (Code 1907, § 7398; Acts 1919, p. 467).**

In action for false imprisonment against railroad and military officer sent to take charge of railroad strike area under Code 1907, § 7398 (Acts 1919, p. 467), and commanding guardsmen who arrested plaintiff, evidence *held* insufficient to sustain finding that railroad was liable for his detention, military officer having entire control.

**3. Appeal and error ⬨843(3)—In action for false imprisonment against railroad and military whose men arrested plaintiff during railroad strike, where undisputed evidence did not warrant verdict against railroad for whom verdict was directed, rulings on evidence will be reviewed only as affecting military officer (Code 1907, § 7398; Acts 1919, p. 467).**

In action for false imprisonment against railroad and military officer in charge during railroad strike under Code 1907, § 7398 (Acts 1919, p. 467), whose men arrested plaintiff, where defendants had a verdict, and where verdict against railroad is not warranted by evidence, exceptions to rulings on evidence will be reviewed only as affecting military officer, and that he consulted railroad master mechanic and occupied his office becomes immaterial.

**4. Appeal and error ⬨1052(5).**

Where court and jury determined against the plaintiff, question intended to aggravate damages is of no consequence on appeal.

**5. False imprisonment ⬨23—Where plaintiff alleged one arrest, evidence of second arrest held irrelevant.**

In action for false imprisonment, where plaintiff laid his damages as the result of one arrest, that he was subsequently on a different occasion arrested a second time was irrelevant.

**6. False imprisonment ⬨23—Evidence as to arrest of other persons held irrelevant.**

In action for false imprisonment, whether witness who was in bed sick at time of plaintiff's arrest was arrested, or whether plaintiff's son was arrested, is irrelevant.

**7. False imprisonment ⬨23—Action of federal court about strike held properly excluded from evidence on issue of illegal arrest during strike (Code 1907, § 7398; Acts 1919, p. 467).**

In action for false imprisonment during a railroad strike against railroad and military officer commanding strike area under Code 1907, § 7398 (Acts 1919, p. 467), whose men arrested plaintiff, action of federal court about the strike was properly excluded from evidence.

**8. False imprisonment ⬨23—Statements of military officer on occasion of subsequent arrest held irrelevant (Code 1907, § 7398; Acts 1919, p. 467).**

In action for false imprisonment during a railroad strike against the railroad and military officer commanding the strike area under Code 1907, § 7398 (Acts 1919, p. 467), statements of military officer on occasion of a subsequent arrest were irrelevant.

**9. False imprisonment ⬨26—Questions to show guardsmen watched plaintiff's house and what they reported before plaintiff's arrest held proper to show reasonable cause for believing plaintiff party to felony (Code 1923, § 3263; Code 1907, §§ 6269, 7398; Acts 1919, p. 467).**

In action for false imprisonment against military officer in charge of scene of railroad strike under Code 1907, § 7398 (Acts 1919, p. 467), whose men arrested plaintiff without a warrant in connection with dynamiting a train, questions to show that two guardsmen watched plaintiff's house and store, what they saw, and what they reported to inferior officer when he ordered plaintiff's arrest were proper to show reasonable cause for believing plaintiff party to a felony, so as to justify the arrest under Code 1923, § 3263 (Code 1907, § 6269).

**10. False imprisonment ⬨23—Orders to military officer during strike held irrelevant to issue of illegal arrest (Code 1907, § 7398; Acts 1919, p. 467).**

In action for false imprisonment during a railroad strike against military officer commanding scene of the strike under Code 1907, § 7398 (Acts 1919, p. 467), whether sergeant had orders to act in conjunction with federal officers, and not to permit strikers and their friends to congregate in crowds of more than three, or at all, around the section where plaintiff's house was, was irrelevant.

---

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

214 ALA.—17

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action by J. M. Orr against R. A. Burleson and the Louisville & Nashville Railroad Company. From a judgment for defendants, plaintiff appeals. Affirmed.

Wert & Hutson, of Decatur, for appellant.

All facts are admissible which afford reasonable emphasis or throw any light upon the matter contested. Sims v. Glazener, 14 Ala. 695, 48 Am. Dec. 120; 10 R. C. L. 925. Wide latitude should be allowed on cross-examination of a witness. Savage v. State, 57 So. 469, 174 Ala. 94. Evidence to show malice should have been admitted. 10 R. C. L. 875; Clark v. Patapsco Guano Co., 56 S. E. 858, 144 N. C. 64, 119 Am. St. Rep. 931.

Eyster & Eyster, of Albany, and Jones & Thomas, of Montgomery, for appellees.

There was no evidence of direct trespass by the defendant railroad company or ratification by it. Buttrey v. Wilhite, 94 So. 585, 208 Ala. 573; Southern B. T. Co. v. Francis, 19 So. 1, 109 Ala. 224, 31 L. R. A. 193, 55 Am. St. Rep. 930; Southern R. Co. v. Hanby, 52 So. 334, 166 Ala. 641; Central of G. R. Co. v. Carlock, 72 So. 261, 196 Ala. 661. There was no relation of master and servant between the railroad company and Burleson or Speer. Republic I. & S. Co. v. Self, 68 So. 328, 192 Ala. 405, L. R. A. 1915F, 516; Gambill v. Fuqua, 42 So. 735, 148 Ala. 456; McCarty v. Williams, 102 So. 133, 212 Ala. 234; Birmingham M. R. Co. v. Tenn. Co., 28 So. 679, 127 Ala. 137. If the military authorities had reasonable ground for believing a felony had been committed by plaintiff, for the act of arresting plaintiff there is no liability. Pritchett v. Sullivan, 182 F. 481, 104 C. C. A. 624. The railroad company was not liable for the acts of the detective. Baker v. A. B. & A. R. Co., 49 So. 751, 163 Ala. 105.

SAYRE, J. An action of false imprisonment by appellant against R. A. Burleson and the Louisville & Nashville Railroad Company alleging in varying phrase in different counts that the defendants did unlawfully, or unlawfully and maliciously, cause plaintiff to be arrested and imprisoned.

[1, 2] The trial court gave the general affirmative charge for defendant Louisville & Nashville Railroad Company, and this action of the court constitutes the main cause of complaint on this appeal. Defendant's employees, shop hands, at Albany had gone out on a strike. The Governor, acting under the authority of section 7398 of the Code of 1907 and the act approved September 19, 1919 (Acts 1919, p. 467 et. seq.), had sent several companies of the Alabama National Guard to the scene under the command of the defendant Burleson. In what was known as the strike area members of the organization were conservators of the peace. They were housed in part upon the property of the Louisville & Nashville Railroad Company. Headquarters were established in a building the property of the company. About midnight, September 26–27, 1922, dynamite was exploded under a passenger train being operated over the track of the defendant railroad. Plaintiff had been under surveillance for some time, and, by reason of things observed 10 to 30 minutes in advance of the explosion, guardsmen took plaintiff in charge, took him to headquarters, where he was subjected to some examination by the officer in charge, after which he was detained until about 5 o'clock of the next afternoon, when defendant Burleson ordered his discharge. Complicity of defendant railroad company is sought to be established through one Speer, who had been sent to Albany by the adjutant general on the requisition of the officer in command. His designation was traceable to the Louisville & Nashville Company in this way only: He was an employee of the N. L. Pierce National Detective Agency, which had been employed by the company to send two detectives to Albany, and it may be safely assumed that his mission was to aid in the protection of the company's property. But he was a detective. His business was to get information. He had no real or apparent authority to make an arrest. Smith v. S. H. Kress & Co., 98 So. 378, 210 Ala. 438. The evidence is undisputed to the effect that he was a civil agent under the control and direction of the military authorities, and that he had no part, immediate or remote, in arresting or causing the arrest of plaintiff. His connection with that affair was that he was at headquarters when plaintiff was taken there for examination, that Speer asked him some questions about the sale of explosives—this evidently because plaintiff kept a store in the neighborhood, and there was evidence from which the jury might have inferred that the dynamite placed on defendant's track had, within a half hour, been carried from plaintiff's store—and that, according to plaintiff's testimony, Speer sent for plaintiff next morning, said to him that "We have to do such things to see what we can find out. Don't have no hard feelings at anybody nor the L. & N. Railroad Company" —and then sent him back to the military camp. The material parts of all this were denied; but, wholly apart from any effect to be assigned to the denial, the evidence failed to provide sufficient ground on which to base a finding that the company was responsible for plaintiff's detention—that being the only ground upon which plaintiff would justify a possible verdict against the company—for, even though Speer was present and took part in the interrogation of plaintiff immediately after his arrest, the evidence was undisputed nevertheless that he had no authority in the premises, and that plaintiff was held on the

order of the military officer then and there in command. Nor does it add to the weight of the case for plaintiff that the examination or examinations occurred on defendant's property, or that defendant's local master mechanic was present at the first of them, if there was more than one. Speer's approval at first of what was done—if that may be inferred—and his alleged apology on behalf of the company lack much of adequately sustaining an inference that the defendant company had part or parcel in remanding plaintiff to custody; all this for the entirely sufficient reason that, according to the undisputed evidence, the entire control and management of the business in hand, viz. keeping the peace and, as an incident, preserving the property of the defendant, was intrusted to and in the charge of the military authority.

[3] The case against the defendant Burleson was submitted to the jury and a verdict rendered in his favor. There were numerous exceptions to rulings on evidence, but they are the subject of review only as they may have affected the case between plaintiff and Burleson. It was therefore immaterial that the defendant Captain Burleson consulted Charley Matthews, who was master mechanic in the railroad shops, about the strike situation. That was his privilege, perhaps his duty, as a conservator of the peace, and had no tendency to show that Burleson, or, for that matter, the railroad company, did any wrong when the officer on duty at the time, Capt. Guice, ordered the arrest of plaintiff, nor when they held plaintiff until the charge against him could be investigated. And, of course, it was of no consequence that the military occupied the office of the master mechanic while on duty in the strike area.

[4] In view of the fact that it was determined by the court and jury that plaintiff was not entitled to recover, a question intended to aggravate damages was of itself of no consequence on appeal. This of assignment of error No. 4.

[5, 6] Plaintiff laid his damages as the result of the arrest of which we have spoken. That plaintiff was subsequently and on a different occasion arrested a second time was irrelevant, as was the information plaintiff sought to elicit when he asked whether Madry, who was in bed sick at the time of plaintiff's arrest, was arrested or whether plaintiff's son was subjected to similar treatment.

[7, 8] What, if anything, the federal court did about the strike was foreign to any issue involved in the case in hand, and was properly excluded, as was the question whether on the occasion of the subsequent arrest "they refused to recognize a writ of habeas corpus," or that Burleson said to the sheriff, "To hell with courts." It is not perceived how any of these matters shed any light on the question whether any wrong was done when plaintiff was arrested or whether Burleson did any wrong when he held plaintiff until his case could be investigated.

[9] The court overruled plaintiff's frequent objections to questions by which the defendants sought to show that two guardsmen had watched plaintiff's house and store, what they saw there, and what they reported to Lieutenant Guice at the time when he—as defendants contended—ordered the arrest of plaintiff. The arrest was made without a warrant; but an officer may arrest any person at any time "when a felony has been committed"—in this case the dynamiting of the passenger train—"and he has reasonable cause to believe that the person arrested committed it; or when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or on a charge made, upon reasonable cause, that the person arrested has committed a felony." Section 3263 of the Code of 1923; section 6269 of the Code of 1907. These questions were proper as going to show that Guice—or Burleson, if he was responsible in any way—had reasonable cause for believing that plaintiff had been party to a felony.

[10] It appears also to be manifestly true that whether Serg. Robinson had orders to act in connection with federal officers or whether he and other sergeants had orders not to permit these men (referring to the strikers and their friends) to congregate in crowds of more than three, or at all, in and around the section where plaintiff's house was (the strike area)—that these things shed no light upon the questions at issue between the parties.

One or two other rulings hardly call for a separate statement. Perhaps a good deal of what has been said may be classed as obvious. We will add only that the entire case has had due consideration and that no error has been found in the record.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.