(114 So. 41)

## ARMOUR FERTILIZER WORKS v. KINNEY. (6 Div. 695.)

Supreme Court of Alabama. Oct. 13, 1927.

1. **Appeal and error** &#9780;1040(14)—Overruling plaintiff's demurrers to defendant's special pleas, which were but denials of plaintiff's cause of action, held harmless.

Overruling of plaintiff's demurrers to defendant's special pleas, which were in legal effect but denials of plaintiff's cause of action and were admissible under the general issue, was harmless.

2. **Appeal and error** &#9780;1040(8) — Sustaining demurrer to plaintiff's special replication setting up nothing not available under general issue held not error.

Sustaining demurrer to plaintiff's special replication setting up nothing not available under the general issue was not prejudicial.

3. **Sales** &#9780;176(1)—Buyer's willingness to accept delivery until certain time after notice of seller's deviation from contract held not to operate as waiver or estoppel.

That buyer, after notice of shipment at later day and from remoter point than specified in contract of sale, continued ready and willing to accept delivery until certain time, was not a waiver of requirements of contract, nor did it per se estop him from rejecting shipment if unseasonably transported.

4. **Trial** &#9780;253(5)—Plaintiff's charge ignoring defendant's version of contract held properly refused.

Plaintiff's requested charge, ignoring defendant's version of contract of sale sued on, was properly refused.

5. **Trial** &#9780;260(1)—Refusal of requested charges covered by general oral charge held not prejudicial.

Refusal of requested charges fully covered by general oral charge was not prejudicial.

6. **Evidence** &#9780;377—Statement of account, based on witness' testimony, neither verified nor attached to complaint, held properly excluded (Code 1923, § 7666).

In action by seller for price of fertilizer sold, statement of account, based on testimony of seller's agent as to express, freight, storage charges, etc., not verified by affidavit nor attached to complaint, under Code 1923, § 7666, *held* properly excluded.

Appeal from Circuit Court, Cullman County; James E. Horton, Judge.

Action by the Armour Fertilizer Works against E. C. Kinney. From a judgment for defendant, plaintiff appeals. Affirmed.

Statement by SOMERVILLE, J.:

Plaintiff sues to recover of defendant the price of ten tons of calcium arsenate sold to him by plaintiff on August 14, 1923, at 16 cents per pound, and shipped to him from Wheeler, Ga., on August 15, 1923. It is averred that the shipment reached Cullman, its destination, on August 16, and that defendant was notified of its arrival and refused to accept it.

Besides the general issue defendant pleaded seven special pleas. Each of these pleas sets up defendant's version of the contract of purchase, viz. that his order for the calcium arsenate was made on August 13, 1923, and was conditioned upon its shipment from Atlanta on that or the following day by express, to reach defendant at Cullman on the following day; the allegation being that plaintiff breached this condition by shipping from an-

other and remoter point on a later day. Demurrers to these pleas were overruled.

Plaintiff's evidence tended to support his claim as to the terms of the contract of sale and its breach by defendant, and defendant's evidence tended to support his version.

Defendant testified, among other things, that he received plaintiff's telegram dated August 15, 1923, 9 a. m. Atlanta, "Shipping you ten thousand pounds sixteen cents from Wheeler, Georgia, to-day," and that he wired plaintiff next day—the shipment not having arrived up until 2 p. m.—that he could not use it. He was allowed, over objection, to further state that he had drays waiting at the express office, to receive the shipment, all during the nights of August 13th, 14th, and 15th, and at the 2 p. m. train on the 16th.

Other rulings complained of are sufficiently stated in the opinion.

The verdict and judgment were for defendant, and plaintiff appeals.

Sample & Kilpatrick, of Hartsells, for appellant.

Counsel argue for error in the rulings assigned, but without citing authorities.

F. E. St. John, of Cullman, for appellee.

Counsel discusses the questions raised, but without citing authorities.

SOMERVILLE, J. [1, 2] All of defendant's special pleas were in legal effect but denials of plaintiff's cause of action, and the material matters alleged therein were admissible under the general issue. Hence there was no harm to plaintiff in the overruling of his demurrers to these pleas. So also as to plaintiff's special replication. It sets up nothing not available under the general issue, and its elimination by demurrer was not prejudicial.

[3] The issue to be determined was a simple question of fact—whether plaintiff's version of the contract of sale, or defendant's, was the true one—and this issue seems to have been fully and fairly submitted to the jury. The fact that, after defendant was notified of a shipment at a later day and from a remoter point than specified in the contract, he continued ready and willing to accept delivery up until 2 p. m. on August 16th, if it should arrive by that time, was not in effect a waiver by him of the requirements of the contract, nor did it per se operate as an estoppel upon his right to reject the shipment if unseasonably shipped and transported. Instructions predicated on those theories of waiver and estoppel were therefore properly refused.

[4] Charge 2 was properly refused to plaintiff because it ignores defendant's version of the contract, viz. that the shipment on the day specified should be made from Atlanta, which would very considerably expedite delivery at destination.

[5] We see no reason for the refusal of charges 3 and 4, requested by plaintiff, which are predicated on his version of the contract as declared on in the complaint. However, these charges seem to have been fully covered by the general oral charge, and no prejudice could have resulted from their refusal.

[6] Charges 1 to 5, given for defendant, are predicated on his testimony as to the terms of the contract, and were properly given.

Plaintiff's agent Sanford, who had handled this transaction with defendant, testified as to the debit items against defendant growing out of the sale, including express freight and storage charges, and also as to the proceeds of the several resales of parts of the shipment, credited to defendant. Plaintiff then offered in evidence a tabulated written statement of these various items in the form of an account; the witness stating that it showed correctly the account as it stood on plaintiff's books.

Such a statement of the account would have been admissible in evidence, had it been duly verified by affidavit, and attached to the complaint, with an allegation of that fact in or indorsed upon the complaint, unless denied by defendant's sworn plea duly filed. Code, § 7666. Or it would have been admissible as a memorandum, in connection with the witness' testimony that he knew the statement to be correct at the time it was made, but then had no independent recollection of the facts. Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am. Rep. 54. As here offered, this statement of the account was not admissible, and it was properly excluded. Moreover, the best evidence was the book or books showing the account as kept by plaintiff. But, apart from this, the jury evidently found for defendant on the main issue in the case, unaffected by any consideration of the exact balance claimed by plaintiff to be due as damages for the breach of the contract.

Plaintiff objected to several questions propounded by defendant to the witness Biggers, on cross-examination, and to defendant himself, and moved to exclude the several answers. However, no ground of objection was stated, and, as the testimony elicited was relevant, the trial court cannot be put in error for overruling a general objection.

We find no error for reversal, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.