(122 So. 630)
### ROLL v. DOCKERY. (6 Div. 359.)

Supreme Court of Alabama. May 23, 1929.

John C. Pearson and Foster, Rice & Foster, all of Tuscaloosa, for appellee.

THOMAS, J. The judgment was for defendant.

■ When the verdict is against plaintiff's right of recovery, a ruling of the court upon the admission of evidence, or giving or refusing instructions relating to the amount of recoverable damages, cannot be the basis of reversal. Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581, 94 So. 721; Brothers v. Norris, 209 Ala. 426, 96 So. 328; Orr v. Burleson, 214 Ala. 257, 107 So. 825.

■ The verdict for defendant under counts of the complaint charging that defendant entered upon plaintiff's land, and cut and removed timber therefrom, and a count charging conversion of sawlogs therefrom, is in effect that defendant did not enter upon plaintiff's land and take therefrom logs, and renders harmless a ruling of the court eliminating a count for the wrongful taking of lumber alleged to have been manufactured from logs so cut and removed. McCary v. Ala. Great South. R. Co., 182 Ala. 597, 614, 62 So. 18.

■■ Appellant insists that the counts to which demurrer was sustained were practically in Code form. Nos. 26 and 28, p. 509, vol. 4, Code of 1923; Gulf Yellow Pine Co. v. Urkuhart, 151 Ala. 452, 44 So. 555; Robins v. Cent. of Ga. Ry., 212 Ala. 596, 103 So. 672. The rules of pleading and for amendments (sections 9467, 9513, Code of 1923), did not authorize a joinder in one count of different causes of action, as the subject-matter before us. Separate counts must be employed. Ballenger v. Ballenger, 205 Ala. 595, 88 So. 826; L. & N. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Interstate Lumber Co. v. Duke, 183 Ala. 484, 62 So. 845; Wilson v. Ratcliff, 197 Ala. 548, 73 So. 84; Lisenby v. Capps, 200 Ala. 20, 75 So. 332; Nashville, C. & St. L. R. Co. v. Abramson-Boone Products Co., 199 Ala. 271, 74 So. 350. However, a careful consideration of count 4 shows that it is trover, and avers the elements of damages sustained. If there was error in sustaining demurrer there-

W. T. Hill, of Birmingham, and E. L. Dodson, of Tuscaloosa, for appellant.

to, the matter was submitted to the jury under the trover count, to which demurrer was overruled. The same observation may be made as to count 5 for trespass; and, if there was error in sustaining demurrer thereto, it was without injury, for it was embraced in the trespass count, to which demurrer was overruled.

The witness Roll testified as to the stumpage of his timber that was cut; the kind, number, and dimensions of the many trees cut; and this testimony was given from the cruise of said timber made by witness and another. Said memorandum was made by the witness as he counted and measured the stumps, tops and lengths, and noted the kind of trees while on his land. The witness testified: "I went on this land and counted the stumps and size of the trees cut, measured the size of the stumps and the size of the tops."

The witness was allowed to refresh his recollection as to the stumps from a memorandum. The witness testified: "I made this memorandum at the time I measured the stumps and size of the tops. I have the total number designated on this memorandum, and they are as follows: [Then followed a detailed account or list of each tree, giving a detailed description or timber cruise thereof. For example:] 'A poplar tree, 37 inches on the stump and 22 inches at the top, 40 feet long; a poplar tree 32 inches at the butt, 29 inches at the top, 38 feet long; next is a long leaf pine 34 inches at the butt, 22 inches at the top, and 40 feet long; a pine tree 16 inches at the butt, 12 inches at the top, 24 feet long; the next are oak trees, and are as follows: * * * Some small timber was cut and broken down, and this small timber that was cut and broken down were 26 trees in number and average about 6 inches at the bases of the trees. One of these 26 trees was a hickory and the balance was oak and pine.'"

Whereupon counsel for plaintiff asked the witness the following question: "Now, is the list that you hold in your hand an accurate list made by you from actual measurement of the stumps and the condition of the trees as you found them?" To which question defendant objected, and the court asked if it was the purpose of counsel to "introduce the list," and plaintiff's counsel replied he was "entitled to introduce it as a memorandum." Defendant replied to this, saying: "He is helping himself out with the memorandum, too." Thereupon the court ruled that "the memorandum may be used for the purpose of refreshing his recollection," but cannot "be introduced in evidence." The plaintiff duly reserved an exception.

This timber cruise should have gone to the jury; it was shown to have been made on the land, and was sought to be shown a correct cruise and memorandum. The evidence shows that the witness was testifying

therefrom as a timber cruise or memorandum, and that he had not an independent knowledge and recollection of the detailed facts as stated thereon. It was competent with witness' evidence.

The general rule as to the time for making the memorandum is that it must have been presently committed to writing, contemporaneous and at the time; that is, before a period of time has elapsed as to render it probable that the memory of the witness might become deficient. Atlanta & B. Air Line Ry. v. Brown, 158 Ala. 607, 48 So. 73; 5 Jones on Ev. § 879; 1 Greenl. Ev: §§ 436–438; Maxwell v. Wilkinson, 113 U. S. 656, 5 S. Ct. 691, 28 L. Ed. 1037; Putnam v. United States, 162 U. S. 696, 16 S. Ct. 923, 40 L. Ed. 1118.

In 5 Jones on Evidence, § 879, it is stated, with reference to the case of Pinney v. Andrus, 41 Vt. 631, "in which the witness had made notes of dates and amounts and was, permitted over objection to use them for reference," etc.: "'It is obvious that a memorandum made from recollection merely, and so long after the alleged transaction to which it refers, would not be likely to aid the recollection of the witness, or add to the weight of his testimony. If the court allowed the paper as evidence generally to refresh the recollection of the witness, we think it was wrong. But as a paper containing dates, figures and amounts within the recollection of the witness, but being matters which he could not carry in his mind, it might be referred to by him, not for the purpose of refreshing his recollection and to the correctness of the entries, but for the purpose of enabling him to state with accuracy the details of things of which he had from recollection made a memorandum, but could not carry them in his mind so as to be able to repeat them without the aid of the paper.' It is impossible to lay' down any precise rule as to how nearly contemporaneous with the fact or facts recorded the memorandum must be. * * * It will be seen from an examination of the authorities cited that, in determining this question, very *much must depend upon the circumstances of each case and the discretion of the trial judge.* It is clear that the memorandum must *not* be used merely *to convey original information* to the witness."

In the class of cases where, after a perusal of the memorandum, the witness has his memory revived, "and his recollection of the specific matter is a present existing one," the witness should speak then without the aid of the writing. Billingslea v. State, 85 Ala. 323, 5 So. 137; Calloway v. Varner, 77 Ala. 541, 54 Am. Rep. 78; Powell v. Henry, 96 Ala. 412, 11 So. 311; Bolling v. Fannin, 97 Ala. 619, 12 So. 59; Danforth v. Tennessee & C. R. Co., 99 Ala. 331, 13 So. 51; 5 Jones on Ev. § 880, p. 323.

The other classes of cases are referred to by Greenl. Ev. § 437, Phillips, Ev.

(3d Ed.) 411, and 5 Jones on Ev. §§ 875, 881, note 85, where the memorandum is used to refresh recollection. Where the memorandum furnishes no mental stimulus, and the testimony of a witness, by reference thereto, derives whatever force it possesses from the fact that the written memorandum is the record of a past recollection, reduced to writing while there was an existing independent recollection:

" 'It is for that reason that a memorandum, to be available in such cases, must have been made at or about the time of the happening of the transaction, so that it may safely be assumed that the recollection was then sufficiently fresh to correctly express it. The assumed reliability of the memorandum as a contemporaneous record is the sole justification of its use by the witness, and hence it is essential in such cases that the witness should produce and testify by reference to the original memorandum.' And it is now well settled that a memorandum or writing may be used by the witness, not only when he can swear from actual recollection, but, in some cases, where the witness, after referring to such writing, can swear to a fact, not because he remembered it, but because of his *confidence in the correctness of the writing*. It is necessary in such cases that the witness should be able to testify that the entry or writing was made *contemporaneously* with the event *and that at the time he knew the memorandum to be correct*. * * * Where a transaction is remote, out of mind, or consists of multiplicity of facts, a detail of dates, sums, etc., or a long narrative, like the testimony of a witness, where certainty is desirable, nothing could be satisfactory but minutes made at the time." 5 Jones on Evidence, § 881, pp. 325, 326; Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am. Rep. 54..

As illustrations the author (5 Jones on Ev. p. 326) collects the cases of protest and notice; acts of a surveyor; account books; minutes of testimony; receipts; dates of delivery of articles; scandalous words; facts as to a gambling transaction which were written down at once; memorandum of a town clerk, as to the penalties for obstructing streets; memorandum of a witness, who measured and superintended the work done; memorandum of a banker's clerk; entries of a car conductor on trip sheet, changes in street cars.

In Bolling v. Fannin, 97 Ala. 619, 621, 12 So. 59, the rule in this jurisdiction is thus stated:

"The rule, as settled, is that a witness may refresh his memory by reference to a memorandum made by himself or one known to him to state the facts truly. In such case the memorandum is not evidence. The witness testifies to the facts, independent of the memorandum. Its only purpose in such a case is to refresh his memory. A further rule is, that though the witness may have no recollection of the facts independent of the memorandum, if he is able to testify that at or about the time the memorandum was made, he knew its contents, and knew them to be true, this lets in both the testimony and the memorandum. [Acklen] v. Hickman, 63 Ala. 498 [35 Am. Rep. 54]; Billingslea v. State, 85 Ala. 323 [5 So. 137]; Snodgrass v. Coulson, 90 Ala. 348 [7 So. 736]."

This is adhered to by this court. Alabama Trunk & Luggage Co. v. Hauer, 214 Ala. 473, 108 So. 339; Penney v. Warren, 217 Ala. 120, 115 So. 16; Armour Fertilizer Works v. Kinney, 216 Ala. 547, 114 So. 41; Oden-Elliott Lumber Co. v. Daniel-Gaddis Lumber Co., 210 Ala. 582, 98 So. 730.

In Polytinsky v. Sharpe et al., 211 Ala. 510, 100 So. 750, the court said:

"The memorandum was not one merely to refresh the memory of the witness, but a true copy, made by the witness, of defendant's book, as to which secondary evidence was admissible. The distinction is drawn in * * * Acklen's Case, 63 Ala. 498 [35 Am. Rep. 54], where the court says (citing 1 Greenleaf on Evidence, § 436): 'If, however, the witness go further and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum.' "

The witness had testified to examination of stumps and tops on his land, and timber cut, the kinds and sizes of trees as shown by following the tracks of the timber vehicles leading from the cutting to or in the direction of the mill; of the finding at the mill 19 logs that were initialed "R. D."; that the majority of the logs at the mill were 16 feet long and would run from 12 to 18 inches in diameter; and indicated the kind of logs. Counsel for plaintiff asked the witness whether the oak logs or trees which he found at the mill corresponded with the same kinds of trees that were removed from plaintiff's land, and whether or not they conformed to the lengths and sizes, kinds and character of trees cut, and whether they looked like they corresponded with the size and class of said timber. This evidence was material and competent on the question of identity. There was reversible error in its exclusion. It was such a description as was possible to be given of that subject-matter in the woods and at the mill. Sovereign Camp v. Hoomes (Ala. Sup.) 122 So. 686;[1] Gray v. Ala. F. & I. Co., 216 Ala. 416, 113 So. 35; Gibbs v. State, 130 Ala. 101, 30 So. 393; Turner v. McFee, 61 Ala. 468; Walker v. State, 58 Ala. 393; Thornton v. State, 113 Ala. 43, 21 So. 356, 59 Am. St. Rep. 97.

---

[1] Post, p. 560.

378

■ There was error in rejecting the evidence in the nature of a declaration against interest, or threat of defendant to plaintiff's agent. The latter had reported to plaintiff, and defendant stated, "on Brown's corner," if he (witness) "messed with his (defendant's) business any more he was going to take his gun to me (witness)." It was in the nature of intimidation of the witness, and a verbal declaration or act against interest. Chestang v. Kirk, 218 Ala. 176, 118 So. 330; 22 C. J. § 355, p. 321; 1 Enc. of Ev. 363, 364.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

