On Return to Remand
This cause was remanded with instructions to the trial court to enter an order making specific findings of facts concerning the issues raised in the appellant's Rule 20, A.R.Cr.P.Temp., petition. 597 So.2d 245. Rule 20.9(d), A.R.Cr.P.Temp. (now Rule 32.9(d), A.R.Cr.P.). The trial court has returned to us the following findings of fact and an order denying the petition:
 "The defendant in this cause, Johnny Hellums, was tried for capital murder under Code of Alabama, Section [13A]-5-40(a)(10). The charge being that the defendant murdered two people by one act or pursuant to one scheme or course of conduct.
 "Louis Moore, a practicing attorney in Fayette, was appointed to represent Hellums at the hearing on his Rule 20 Petition.
 "The Petitioner Hellums and the Public Defender testified at that hearing. The thrust of the Petitioner's argument was that the Public Defender and the attorney who assisted him failed to adequately represent him at trial.
 "Precisely, the state's case was that the defendant went to an apartment where his estranged wife was located and upon entering the apartment shot and killed his wife and his sister.
 "Hellums contends that his attorney did not adequately prepare his case in order to show why he happened to have a pistol with him at the time or to show that the killing of the second person was accidental or in self defense. His contention is that some witnesses were not interviewed prior to trial and that [his] attorneys did not ask the proper questions.
 "The Public Defender testified that he interviewed a number of witnesses before the trial; that he visited the scene on at least two or more occasions with the investigating officer and that a preliminary hearing was held prior to indictment and the trial of this cause.
 "He further states that he cross-examined all witnesses [who] had knowledge of the case and that he did not call one individual because he felt that information he could provide would not help the defendant and would possibly be detrimental to the defendant's case.
 "Having heard the testimony in support of the Rule 20 Petition and further having presided over the trial of this cause, the court finds that the defense attorneys were adequately prepared and did adequately represent the defendant. All witnesses [who] had any knowledge of the case appeared before the Court and were carefully examined by defense attorneys. Various motions were presented to the Court on behalf of the defendant and the defendant was afforded the opportunity to be heard and all pertinent legal arguments were presented to the Court on his behalf."
A review of the claims raised in the appellant's petition indicates that the trial court made specific findings as to each claim, except the claim made that the appellant's *Page 479 
counsel was ineffective for failing to "require that the trial be done before a properly sworn jury," i.e., he claims that his counsel was ineffective because, he says, he failed to object when the trial court did not properly administer the oath to the petit jury. The only testimony adduced during the hearing concerning this claim was as follows:
 "Q [defense counsel]: All right. Under paragraph C, you alleged that Mr. Hollingsworth and Mr. Colvin [the appellant's trial counsel] failed to require that the trial court properly swear the jury. Is it your position that the jury was not — the petit jury was not sworn prior to acting?
"A [appellant]: I don't remember them being sworn.
"Q: Okay. You didn't observe them being sworn?
"A: No, sir.
 "Q: This is why you're saying they were not sworn —
"A: No, sir.
"Q: — to perform their duties?
"A: Right."
Thereafter, during the cross-examination of one of the appellant's trial attorneys, appellate counsel asked whether he recalled if the jury was sworn after it was empaneled. Trial counsel responded, "My recollection was that it was. However, it's possible that it was done before Mr. Hellums was brought over from the jail, but my recollection is that the jury was — as a panel, as a group, the venire was sworn and then qualified duly as required."
The record in this case that was filed with this court on direct appeal indicates that the prospective jury panel was sworn before qualification and voir dire examination began. The record indicates that following this examination and after a lunch break, the panel was present and the trial court instructed the named jurors to take a seat in the jury box. The trial court then asked the parties, "Is this your jury?" The State and defense responded, "Yes." The record then reflects parenthetically "At this time, the remaining jurors were excused from the courtroom." Thereafter, the trial court gave the jury certain instructions concerning trial procedures, and the prosecutor gave his opening argument. A bench discussion ensued, after which the witnesses were sworn. Defense counsel gave his opening statements and testimony followed. When the trial court orally entered judgment following the trial, the court stated, "On the eighth day of January, 1988, a jury, having been duly empaneled by this Court and the trial of this cause being completed and the jury having returned their verdict. . . ." Thus, there is no indication in the transcript of the trial that the jury was ever sworn. See Gardner v.State, 48 Ala. 263 (1872); Lacey v. State, 58 Ala. 385 (1877);Whitehurst v. State, 51 Ala. App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758, 288 So.2d 160 (1973).
However, included in the record is a "minute entry" form, stating, in pertinent part, as follows:
 "Thereupon comes a jury of good and lawful men, to-wit: ([Foreman]) and eleven others who being duly empaneled, sworn and charged by the Court according to law, . . . said jurors upon their oath do say: 'We, the Jury find the Defendant guilty of capital murder as charged in the indictment.' "
Thus, this form would indicate that the jury was sworn.Porter v. State, 520 So.2d 235 (Ala.Cr.App. 1987); Abbott v.State, 494 So.2d 789 (Ala.Cr.App. 1986).
Because pursuant to Rule 20.9(d), A.R.Cr.P.Temp. (now Rule 32.9(d), A.R.Cr.P.), the trial court is required to make a specific findings of fact as to each material allegation raised by a petitioner, and because the petit jury is required to be administered an oath contained in § 12-16-170, Code of Alabama
1975, and the failure to do so cannot be reversed by this court unless "some objection was taken in the court below during the progress of the trial, based on such defect," § 12-16-173, Codeof Alabama 1975, this cause is due to be remanded to the trial court for the entry of specific findings of fact as to trial counsels' effectiveness in this issue. The trial court is instructed to return its written findings of fact concerning this issue, *Page 480 
including the evidence relied on, within 21 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.